[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2010
JOHN LEY
CLERK

No. 08-13740

_____

D. C. Docket No. 07-00107-CR-TCB-3-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THERESA L. KOTTWITZ,
GERARD MARCHELLETTA, JR.,
GERARD MARCHELLETTA, SR.,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(December 22, 2010)

ON PETITION FOR REHEARING

Before EDMONDSON, Circuit Judge, and HODGES,[*] District Judge.[1]

PER CURIAM:

Defendants/Appellants have petitioned for rehearing. We have considered Defendants' arguments and the Government's reply. And we have looked at the record again. We stand by our decision, United States v. Kottwitz, 614 F.3d 1241 (11th Cir. 2010), except on the issue of the accountant-reliance jury instruction for Count One.

Defendants contend that the district court erred in refusing to give Defendants their requested jury instruction about reliance on an accountant's advice. In our original decision, we concluded that this refusal constituted reversible error on Counts Three, Four, and Five. Then, we remanded the case to the district court for retrial with the requested instruction on those counts only. Now, we conclude that the district court was also similarly incorrect to deny Defendants' accountant-reliance jury instruction on the Count One conspiracy charges.

[*] Wm. Terrell Hodges, United States District Judge for the Middle District of Florida, sitting by designation.

[1] This order is being entered by quorum pursuant to 28 U.S.C. § 46(d).

2

To receive a requested jury instruction in this Circuit, a defendant's burden is light: "<u>any foundation</u> in the evidence" is sufficient.  <u>United States v. Opdahl</u>, 930 F.2d 1530, 1535 (11th Cir. 1991).  On reflection, we accept that Defendants met this burden.  Sufficient evidence was introduced to allow the conviction of Defendants on Count One on the basis of several alternative interpretations of the facts.

Even though no evidence directly showed that Defendants' accountant was involved in initially entering/hiding transactions on the corporate books (for example, the personal-expense transactions), Defendants introduced enough circumstantial evidence to warrant an instruction that -- at some pertinent point -- Defendants may have relied on the accountant's advice.

Virtually all of the suspect transactions occurred after Defendants' accountant was hired in mid-1999; and the accountant had authority to (and in fact did) review and reclassify some entries in the corporate books.  In addition, the accountant prepared the tax returns that resulted in underpayment of taxes.  Even if it was not the only and not the most likely explanation of events leading to the guilty verdicts on Count One, an evidentiary basis existed for conviction under Count One that could have involved Defendants, in fact, relying on the advice of

3

their accountant. For example, the jury might have believed that Defendants acted with the accountant's tacit approval of Defendants' accounting methods.[2]

For these reasons, we vacate Kottwitz's, Junior's, and Senior's convictions for conspiracy to defraud the IRS (Count One) and remand the case to the district court for a new trial with an accountant-reliance jury instruction. We withdraw all language in our opinion, United States v. Kottwitz, 614 F.3d 1241 (11th Cir. 2010), inconsistent with this present order.[3]

Otherwise, Defendants' petitions for rehearing are DENIED. And, no judge of the Court having requested a poll, Defendant Kottwitz's suggestion for rehearing en banc is DENIED.

Petitions DENIED, except Defendants' convictions and sentences on Count One are VACATED; the case is REMANDED.

---

[2] The correct test in this Circuit for the "act" element in an 18 U.S.C. section 371 conspiracy (including the subset of Section 371 conspiracies against the Internal Revenue Service known as Klein conspiracies) is "the commission of an act in furtherance of the agreement." United States v. Adkinson, 158 F.3d 1147, 1153 (11th Cir. 1998). A "failure to properly report income," id. at 1154, is one example of conduct that could satisfy the act element of a Klein conspiracy. But it is not the only possible act that could do so: for example, intentionally making false entries in corporate books could be an act in furtherance of the agreement. Because we cannot know the precise act(s) on which the jury relied for the Count One conspiracy convictions, we cannot rule out that the jury relied on an act that involved -- in a material way -- advice from Defendants' accountant.

[3] To be clear, as a result of our original decision and this present order, we have vacated or reversed each of Defendants' convictions and sentences at issue on appeal.