[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14112
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:09-cr-00044-WTH-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK S. MAGGERT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 31, 2011)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

After a jury trial, Mark S. Maggert appeals his convictions and sentences for

attempted tax evasion, in violation of 26 U.S.C. § 7201. After review, we affirm.

# I. BACKGROUND FACTS

## A. Offense Conduct

Maggert, a dentist, worked for several dental offices as an independent contractor. In 1998, Maggert and his wife attended a seminar by American Rights Litigators ("ARL") and Eddie Kahn at which they were told they did not have to pay federal income tax. Maggert relayed this information to his accountant, who counseled Maggert against ARL's advice and ended their professional relationship when Maggert persisted. Maggert dissolved his professional association, Mark S. Maggert, D.D.S., P.A., and, from 1998 to 2005, did not file a federal tax return or pay federal income tax.

Beginning in 2002, Maggert instructed the accountants for the dental offices where he worked to make his paychecks payable to Total Business Systems, LLC, a Florida corporation, or to Mark's Word of Faith International, a Nevada corporation. The accountants complied and issued Form 1099s, using the corporate identification numbers for these organizations rather than Maggert's social security number. Maggert deposited the paychecks into accounts he opened in these organization's names and withdrew money from the accounts on a regular basis (over $40,000 in 2002, over $52,000 in 2003, $178,000 in 2004 and $128,000 in 2005, for a total of $398,600).

The articles of organization for Total Business Systems, LLC identified the managing member as Geneva Holdings, Inc., in Australia and the registered agent as Ronald Saltzer. The articles of organization were signed by Saltzer and Alan R. Horne, the "Director" of Geneva Holdings, Inc. Saltzer admitted that he knew nothing about Total Business Systems, LLC or Geneva Holdings, Inc., and had never met Maggert or Horne. Saltzer had agreed to act as the registered agent and sign the articles of incorporation in exchange for a meal provided by Eddie Kahn.

The articles of incorporation for Mark's Word of Faith International listed Maggert as the "Presiding Patriarch (Overseer)." Maggert's wife signed the articles of incorporation as a witness and "Scribe." Maggert's wife admitted there was no such religious organization and that Maggert was not a spiritual leader or priest.[1]

Additionally, Maggert gave powers of attorney to two individuals associated with ARL, Bryan Malatesta, a certified public accountant, and Milton Baxley, an attorney. A former ARL employee testified that although she had seen

---

[1] In 2004, Maggert formed a Nevada corporation also called Total Business Systems LLC. The articles of incorporation listed "Mark S. Maggert, DDS" with a Las Vegas address as the "manager." A separate list of initial members also identified Maggert's wife as a manager and Mark's Word of Faith International as a member.

3

Malatesta and Baxley at ARL once or twice between 1998 and 2003, they were never with clients and did not have office space at ARL.

## B. Criminal Investigation

Michael Anderson, a special agent with the IRS Criminal Investigation Division, participated in an investigation of ARL and executed a search warrant at ARL's Florida business location. According to Agent Anderson, ARL maintained records for its "clients," but did not have any tax accounting software or the documents a CPA would need to represent someone before the IRS. None of ARL's records indicated that either CPA Malatesta or attorney Baxley maintained a professional relationship with ARL's clients. Instead, ARL paid Malatesta and Baxley solely for the use of their names. ARL's correspondence sent to the IRS was generated by ARL employees.

From 1999 to 2005, the IRS sent Defendant Maggert letters advising him of his federal tax obligations, warning him of possible criminal sanctions and attempting to set up appointments to meet with Maggert. Through ARL, Maggert sent the IRS correspondence, often stamped with the signature of CPA Malatesta or attorney Baxley. That correspondence asserted that Maggert had no obligation to file a federal income tax return or pay federal income taxes and that the IRS did not have the authority to investigate or determine Maggert's tax liability.

4

Based on financial information from its investigation, the IRS computed Maggert's taxable income for the years 2002 to 2005 and calculated that Maggert owed the following federal income taxes: at least $51,538 in 2002; at least $50,316 in 2003; at least $101,570 in 2004 and at least $90,464 in 2005.

## C. Trial Date Continued

A federal grand jury indicted Maggert on four counts of attempt to evade and defeat the federal income tax for the years 2002 through 2005. At his September 28, 2009 initial appearance, Maggert stated he planned to obtain counsel. When Maggert appeared without counsel at his October 16, 2009 arraignment, the district court gave Maggert two more weeks to find counsel.

At an October 30, 2009 hearing, Maggert still had not obtained counsel and indicated he wished to represent himself. The district court gave Maggert appropriate warnings about his decision and found that Maggert's decision to proceed pro se was knowing and voluntary. The district court appointed standby counsel that same day.

The district court originally set trial for January 11, 2010, but granted Maggert a 60-day continuance to hire counsel and prepare a defense. The district court reset trial for March 15, 2010. The district court warned Maggert that: (1) the trial date was firm, (2) no additional continuances would be granted and (3) if

5

Maggert was unable to obtain counsel, he would be expected to proceed <u>pro se</u> on that date with the aid of standby counsel.

On March 15, 2010, Maggert failed to appear at trial. Standby counsel advised the court she had no contact with Maggert prior to trial. With the jury panel standing by, the district court issued a warrant for Maggert's arrest and recessed while the U.S. Marshal Service located Maggert that day.

## D. Trial

Later that day, the parties selected a jury and gave opening statements. The next day, the government called its first witness, an IRS custodian of records. After the government finished its direct examination, Maggert informed the court that he wanted standby counsel to conduct cross-examination. The district court advised Maggert that he could either represent himself or standby counsel could represent him, but not both. After a short recess, Maggert decided to have standby counsel represent him.

Standby counsel then moved for a mistrial and for a continuance to allow her to consult with experts and prepare to defend Maggert. The district court denied both requests, and the trial recommenced. The jury convicted Maggert on all counts.

## E. Sentencing

The presentence investigation report ("PSI"): (1) calculated Maggert's base offense level as 20, pursuant to U.S.S.G. §§ 2T1.1(a)(1) and 2T4.1(H), based on a loss amount of more than $400,000 but less than $1 million; and (2) recommended a two-level sophisticated means enhancement, pursuant to U.S.S.G. § 2T1.1(b)(2), because Maggert had attempted to hide assets or transactions from the IRS through the use of fictitious entities. With a total offense level of 22 and a criminal history category of II, the PSI recommended an advisory guidelines range of 46 to 57 months' imprisonment.

Maggert objected to, inter alia, the sophisticated means enhancement. Maggert argued that his use of corporate entities could not be considered "sophisticated" because he did not file fraudulent tax returns and the IRS easily determined his income from 1099s his employers issued and subpoened bank records.

At the sentencing hearing, the district court overruled Maggert's objection and applied the sophisticated means enhancement. The district court adopted the PSI's guidelines calculations and advisory guidelines range of 46 to 57 months. After considering the 18 U.S.C. § 3553(a) factors, the district court imposed a 42-month sentence. Maggert appealed.

## II.  DISCUSSION

## A. Denial of Motion for Continuance

Maggert argues that the district court should have granted his request for a continuance on the second day of trial when his standby counsel began representing him.[2] "Under certain circumstances, denial of a motion for continuance of trial may vitiate the effect of" the Sixth Amendment's right to counsel to such an extent that it results in a due process violation. United States v. Valladares, 544 F.3d 1257, 1262 (11th Cir. 2008). "To prevail on such a claim, a defendant must show that the denial of the motion for continuance was an abuse of discretion which resulted in specific substantial prejudice" by identifying "relevant, non-cumulative evidence that would have been presented if [the defendant's] request for a continuance had been granted." Id. (quotation marks omitted).

Maggert has not shown an abuse of discretion resulting in specific substantial prejudice. The district court gave Maggert a two-month continuance (January 11 to March 15) and almost six months (September 28 to March 15) to prepare for trial or find counsel. Standby counsel was available for most of that

---

[2]Maggert's brief lists the denial of his motion for a mistrial in its statement of the issues, but fails to develop any argument regarding this issue. Therefore, we do not address the issue on appeal. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (explaining that an issue was abandoned where the defendant's brief made only "passing references" to the issue).

time, but Maggert did not seek her assistance. When the district court granted Maggert's first continuance request, it warned Maggert that the new trial date was firm and no further continuances would be granted. Maggert let the trial begin without raising any concern and did not ask standby counsel to take over until the second day of trial.

More importantly, the record reflects that once standby counsel took over, she was able to cross-examine witnesses, object to evidence and offer objections to the jury instructions. And, Maggert has not pointed to any relevant, non-cumulative evidence he would have presented if his second continuance request had been granted. Under these circumstances, we find no abuse of discretion and no due process violation.[3]

## B. Jury Instruction on Elements of Attempted Tax Evasion

For the first time on appeal, Maggert contends the district court did not properly instruct the jury on the elements of a § 7201 offense for attempted tax evasion.

---

[3]To the extent Maggert argues that his trial counsel was ineffective, we decline to address this issue on direct appeal. See United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002) (explaining that generally we do not consider ineffective assistance of counsel claims on direct appeal where the district court did not address the claim and develop the factual record).

9

At trial, the district court instructed the jury that the defendant could be found guilty of attempted tax evasion "only if all of the following facts are proved beyond a reasonable doubt:  first, that the defendant owed substantial income tax upon income that was not declared in a tax return for the year in question and, second, that the defendant knowingly and willfully attempted to evade or defeat such tax."  The district court further instructed that "[t]he word 'attempted' contemplates that the defendant had knowledge and an understanding that during the particular tax year involved he had income which was taxable and which he was required by law to report but that he, nevertheless, tried or endeavored -- that is, attempted -- to evade or defeat the tax or a substantial portion of the tax on that income by willfully failing to report all of the income which he knew he had during that year."

Maggert argues, and the government concedes, that the district court omitted from its instruction that it was necessary to find an affirmative act of attempted evasion.  See United States v. Kaiser, 893 F.2d 1300, 1305 (11th Cir. 1999) ("The elements of tax evasion under § 7201 are: (1) willfulness; (2) existence of a tax deficiency; and (3) an affirmative act constituting an evasion or

attempted evasion of the tax.").[4]  Because Maggert did not object to the jury

instruction in the district court, however, our review is for plain error only.  United

States v. Felts, 579 F.3d 1341, 1343 (11th Cir. 2009).  "Jury instructions will not

be reversed for plain error unless the charge, considered as a whole, is so clearly

erroneous as to result in a likelihood of a grave miscarriage of justice, or the error

seriously affects the fairness, integrity, or public reputation of judicial

proceedings."  United States v. Starke, 62 F.3d 1374, 1381 (11th Cir. 1995)

(quotation marks omitted).  The challenged jury instruction must "be a plainly

incorrect statement of the law" and "probably responsible for an incorrect verdict,

leading to substantial injustice," such that it misled the jury or left the jury to

speculate as to an essential point of law.  United States v. Prather, 205 F.3d 1265,

1271 (11th Cir. 2000).

---

[4]The district court modified the Eleventh Circuit's Pattern Jury Instruction for tax evasion, which states the elements of the offense as: (1) the defendant owed substantial income tax in addition to the amount declared on the defendant's return, (2) the defendant knew when he filed his return that he owed the substantial amount of income tax, and (3) the defendant intended to evade paying the taxes he knew he was required to pay.  11th Cir. Pattern Jury Instruction 107.1.  In other words, Pattern Jury Instruction 107.1 applies when the defendant filed a tax return that under-reported his taxable income, which in and of itself would constitute an affirmative act.  See United States v. Uscinski, 369 F.3d 1243, 1247 (11th Cir. 2004) (explaining that when the tax evasion involves the filing of a fraudulent tax return, the offense is complete upon filing of the return).  Here, because Maggert did not file a tax return at all, the district court omitted any reference to the filing of a tax return.

Maggert has not shown plain error. First, it is not clear under our precedent whether the district court's instruction even misstated the law. Although the district court's instruction did not explicitly state that an affirmative act of evasion was an element of the offense, the instruction as a whole conveyed to the jury that it was required to find that Maggert tried to evade paying income taxes by willfully failing to report that income on a tax return. This Circuit has not directly addressed whether the willful failure to report taxable income constitutes an affirmative act of evasion, and at least one former Fifth Circuit case suggests that it does. See United States v. Buckley, 586 F.2d 498, 504 (5th Cir. 1978) ("Where one of the affirmative acts of evasion relied upon by the government in proving attempted tax evasion under the Section 7201 is the failure to file an income tax return, failure to file [under Section 7203] is a lesser included offense . . . .").[5] Thus, the district court's instruction was not a plainly incorrect statement of the law.

Second, there was overwhelming evidence that Maggert committed numerous affirmative acts of evasion—creating two corporate entities, opening bank accounts in the name of those corporate entities, instructing his employers to

---

[5]Decisions of the former Fifth Circuit on or before September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

12

issue his paychecks to those corporate entities, depositing those paychecks into the corporate entities' bank accounts and then withdrawing money from those accounts on a regular basis. Accordingly, we cannot say the district court's instruction on the elements of the attempted tax evasion was probably responsible for an incorrect verdict.

## C. Jury Instruction on Good Faith Reliance on a Professional

Maggert also challenges the district court's refusal to give his requested jury instruction on good faith reliance on professional advice.[6] A defendant has a right to have the jury instructed on his theory of defense if there is "any foundation in the evidence." United States v. Ruiz, 59 F.3d 1151, 1154 (11th Cir. 1995). Even under this extremely low evidentiary burden, however, the instruction must have "some basis in the evidence." United States v. Hedges, 912 F.3d 1397, 1405 (11th Cir. 1990). A district court's refusal to give a requested jury instruction is reversible error if "(1) the requested instruction was substantively correct, (2) the court's charge to the jury did not cover the gist of the instruction, and (3) the failure to give the instruction substantially impaired the defendant's ability to

---

[6]"We review a district court's refusal to give a requested jury instruction for abuse of discretion." United States v. Svete, 556 F.3d 1157, 1161 (11th Cir. 2009) (en banc).

present an effective defense." United States v. Culver, 598 F.3d 740, 751 (11th

Cir.), cert. denied, 131 S. Ct. 336 (2010).

The good faith reliance defense seeks to "refute the government's proof that

the defendant intended to commit the offense." United States v. Kottwitz, 614

F.3d 1241, 1271 (11th Cir.), modified in part on rehearing by 627 F.3d 1383 (11th

Cir. 2010) (quotation marks omitted). To establish the defense, the defendant

must show that he "(1) fully disclosed all relevant facts to the expert and (2) relied

in good faith on the expert's advice." Id.

Here, there was no evidence in the record that Maggert even spoke to

Malatesta, Baxley or any other tax professional, much less sought and relied upon

their advice. There also was no evidence that Maggert provided Malatesta, Baxley

or any other tax professional at ARL the kind of information needed to furnish

professional tax advice. The only evidence in the record indicated that Malatesta

and Baxley did not maintain an office at ARL or meet with ARL's clients and

were merely paid for the use of their names. Under the circumstances, the district

court's refusal to give the requested good faith reliance instruction was not an

abuse of discretion.[7]

---

[7]Although the district court refused to instruct the jury on good faith reliance on a professional, it did instruct the jury that a defendant's good faith was a valid defense because good faith "is inconsistent with the element of willfulness which is an essential part of the

14

**D. Sophisticated Means Enhancement**

Under the advisory guidelines, the defendant's offense level is increased by two levels if the tax evasion offense used "sophisticated means." U.S.S.G. § 2T1.1(b)(2). The commentary defines "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense" and gives as an example hiding assets through the use of fictitious entities or corporate shells. U.S.S.G. § 2T1.1, cmt. n.4.[8]

Here, the district court's application of the sophisticated means enhancement was not clear error. To facilitate his tax evasion scheme, Maggert set up two fictitious entities and used them to try to hide his income. Such conduct falls squarely within § 2T1.1's definition of sophisticated means. That Maggert did not file a tax return and that the IRS ultimately was able to glean Maggert's true earnings from Form 1099s submitted by his employers has no bearing on whether his use of those corporate entities qualified under the advisory guidelines as sophisticated means.[9]

_____

charge."

[8]We review a district court's determination that a defendant used sophisticated means to accomplish tax evasion for clear error. United States v. Clarke, 562 F.3d 1158, 1165 (11th Cir. 2009).

[9]On appeal, Maggert does not raise any other procedural sentencing error or argue that his ultimate sentence is substantively unreasonable.

For all of these reasons, we affirm Maggert's convictions and sentences.

**AFFIRMED.**