[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12397
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00261-RDP-HGD-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALLY ELIZABETH WYNN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 21, 2014)

Before HULL, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Sally Elizabeth Wynn appeals her conviction for three counts of aiding and

assisting in the preparation of materially false income tax returns.  We affirm.

## I. BACKGROUND

In 2006, Wynn used funds from client Jose Dilberto Gonzalez, the sole owner and officer of Gonzalez Construction, Inc. ("GCI"), to buy a $30,000 cashier's check, which Gonzalez used, when he bought a 2005 Lamborghini for $165,850.  Gonzalez traded it later that year, when he bought a 2006 Lamborghini for $192,604.  Before Gonzalez bought the 2005 Lamborghini, he had submitted an application to lease the car, accompanied by his 2005 Form 1040 reporting total income of $248,236, which Wynn and he had signed.  As part of a 2008 lease application for a 2008 Lamborghini, Gonzalez submitted his 2006 Form 1040 reporting total income of $206,650, which Wynn and he had signed, and a Form 1099, showing GCI had paid Gonzalez non-employee compensation of $478,460 in 2007.

Gonzalez's Forms 1040 reported total-income amounts ranging from $55,910 to $65,632, far below his actual aggregate income.  Wynn also prepared GCI's 2005 and 2006 corporate tax returns and processed GCI's payroll, which entailed reviewing GCI bank statements monthly.  GCI had issued checks to Gonzalez of $371,350 in 2005, $444,844 in 2006, and $340,996 in 2007.

In May 2012, a federal grand jury indicted Wynn for three counts of aiding and assisting in the preparation of materially false income tax returns, in violation

2

of 26 U.S.C. § 7206(2).  The evidence at trial established Wynn had prepared 2005, 2006, and 2007 Forms 1040.

During Wynn's trial, Special Agent Kristina Waluyn of the Internal Revenue Service ("IRS") testified Wynn had told her that she took responsibility for the information reported on Gonzalez's tax returns for the years in question.  Wynn stated she knew "about every document and every piece of paper as it relates to Jose Gonzalez and [GCI]."  R. at 451.  Wynn also told Agent Waluyn she knew Gonzalez and his family very well, and Gonzalez's wife did not work.  Wynn knew that Gonzalez's mortgage had been paid in full, and Gonzalez had driven five Lamborghinis, three Corvettes, a Dodge Viper, a Nissan GTR, and a Dodge Duran at various times.  Wynn testified in her own defense and denied she had knowingly reported false income amounts on Gonzalez's tax returns.

The jury convicted Wynn on all three counts.  The district judge imposed concurrent sentences of three years of imprisonment on each count, followed by one year of supervised release.  The judge also ordered Wynn to pay $322,876.03 restitution to the IRS, jointly and severally with Gonzalez.  On appeal, Wynn argues the government did not present evidence sufficient to establish she knew the income amounts she entered on Gonzalez's tax returns were false.

## II. DISCUSSION

We review de novo a district judge's denial of a motion for a judgment of acquittal on sufficiency-of-the-evidence grounds, consider the evidence in the light most favorable to the government, and draw all reasonable inferences and credibility choices in the government's favor. *United States v. Friske*, 640 F.3d 1288, 1290-91 (11th Cir. 2011). To establish a violation of § 7206(2), the government must prove the defendant (1) willfully and knowingly aided or assisted (2) in the preparation or filing of a federal income tax return (3) that contained material statements the defendant knew to be false. *United States v. Kottwitz*, 614 F.3d 1241, 1269, *opinion withdrawn in part on other grounds*, 627 F.3d 1383 (11th Cir. 2010). To establish willfulness in a criminal tax case, the government must prove the law imposed a duty on the defendant, the defendant knew of the duty, and she voluntarily and intentionally violated that duty. *Cheek v. United States*, 498 U.S. 192, 201, 111 S. Ct. 604, 610 (1991).

When a defendant testifies in her own defense, the jury may disbelieve her testimony, and it may be considered as substantive evidence of her guilt. *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995). Consequently, a defendant, who testifies, runs the risk that the jury might disbelieve the testimony and conclude the opposite is true. *Id.* The proposition that a defendant's testimony

4

denying guilt may establish elements of the offense applies with special force to subjective elements. *Id.* at 315.

The government presented evidence that Wynn had access to several GCI bank accounts, knew Gonzalez and his family well, and had told Agent Waluyn that she knew about "every piece of paper" related to Gonzalez and GCI. R. at 451. Wynn told Agent Waluyn she knew Gonzalez had several expensive cars at various times, and he repeatedly had traded in nearly new cars for new cars. Wynn personally helped Gonzalez buy one car for over $165,000. While applying for car loans, Gonzalez submitted copies of tax returns signed by Wynn that reported significantly higher incomes than Gonzalez reported to the IRS. Moreover, the jury was entitled to conclude Wynn's testimony denying she intentionally helped Gonzalez underpay his income taxes was false and to use that conclusion as substantive evidence of Wynn's willfulness. *Brown*, 53 F.3d at 314-15. We conclude the evidence was sufficient for the jury to find Wynn voluntarily and intentionally reported the materially false statements on Gonzalez's personal tax returns. *Cheek*, 498 U.S. at 201, 111 S. Ct. at 610

Although Wynn argues a conviction cannot stand, where the evidence gives equal or nearly equal circumstantial support to theories of guilt and innocence, the authority cited by Wynn does not support this proposition. In *Cosby v. Jones*, 682 F.2d 1373 (11th Cir. 1982), we held a habeas petitioner's possession of stolen

goods shortly after the burglary in which the goods were taken was insufficient to support his burglary conviction, where the defense theory that he bought the goods after the burglary was corroborated by several witnesses. *Id.* at 1375, 1379-83. We explained:

> [I]f the evidence *viewed in the light most favorable to the prosecution* gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged, then a reasonable jury must necessarily entertain a reasonable doubt. . . . This is not to say that whenever the evidence supports a reasonable inference consistent with innocence the jury must acquit . . . . It is only where, *after viewing the evidence in its most favorable light and making all credibility decisions in favor of the state* the evidence still fails to at least preponderate in favor of the state, that we become concerned with conflicting inferences.

*Id.* at 1383 (emphasis added).

*Cosby* is distinguishable on its facts. Even viewing the evidence in the light most favorable to the prosecution, the evidence in *Cosby* was insufficient to convict. *See id.* Viewed in the light most favorable to the government as well as all credibility determinations, the evidence in this case supported Wynn's guilty verdict. *See id.*

**AFFIRMED.**

6