[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14191
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cr-00014-RV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENELL ENGLISH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 22, 2019)

Before TJOFLAT, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Benell English appeals his 18 convictions for aiding or assisting in the preparation of false tax returns. 26 U.S.C. § 7206(2). English argues that the evidence was insufficient to support his convictions. We affirm.

We review *de novo* the sufficiency of the evidence and view the evidence in the light most favorable to the government by making reasonable inferences and credibility choices consistent with the jury's verdict. *United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005). The evidence does not need to "exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Faust*, 456 F.3d 1342, 1345 (11th Cir. 2006) (quoting *United States v. Harris*, 20 F.3d 445, 453 (11th Cir. 1994)). We must affirm "unless, under no reasonable construction of the evidence, could the jury have found the [defendant] guilty beyond a reasonable doubt." *Garcia*, 405 F.3d at 1269.

Ample evidence supported English's convictions. The government submitted testimony and tax returns that proved English willfully and knowingly aided or assisted in preparing federal income tax returns containing material statements that he knew were false. *See United States v. Kottwitz*, 614 F.3d 1241, 1269 (11th Cir.), *opinion withdrawn in part on other grounds*, 627 F.3d 1383, 1384 (11th Cir. 2010). Eight taxpayers whose tax returns formed the basis for

English's charges testified that he prepared tax returns for them that reported false income and expenses from businesses they never said they owned and that contained false medical and dental expenses and charitable deductions they never asked him to claim. *See United States v. Daniels*, 617 F.2d 146, 149 (5th Cir. 1980) ("consistency of . . . [a] practice . . . [can] establish the essential inference of willful intent" in tax fraud). Seven of the taxpayers testified that they never reviewed their completed tax returns and trusted that English had prepared correct returns, while retiree Regena Brown testified that she noticed false information on her tax return and that English assured her she would not get in trouble for requesting a false tax refund. English argues that the taxpayers' testimonies were incredible as a matter of law, but their accounts were plausible, coherent, and consistent. *See United States v. Flores*, 572 F.3d 1254, 1263 (11th Cir. 2009) ("Testimony is only 'incredible' if it relates to 'facts that the witness could not have possibly observed or events that could not have occurred under the laws of nature.'"). English also prepared a false tax return for an undercover agent of the Internal Revenue Service who recorded English instructing her to "make up [her] income," a practice that an accountant with English's education, years of experience, and familiarity with tax laws would never countenance. Although English explained his actions with respect to each tax return, the jury was entitled

3

to disbelieve English and treat his testimony as substantive evidence of his guilt.

*See United States v. Brown*, 53 F.3d 312, 314-15 (11th Cir. 1995).

We **AFFIRM** English's convictions.