[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14728
Non-Argument Calendar

_____

D. C. Docket No. 04-80086-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLENN K. JOHNSON,
TYRONE JOHNSON, JR.,

Defendants-Appellants,

TYRONE JOHNSON, SR.,

Defendant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(August 14, 2006)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellants Glenn K. Johnson ("Glenn") and Tyrone Johnson, Jr. ("Tyrone") appeal their convictions for attempted armed bank robbery in violation of 18 U.S.C. § 2113(a), (d). Glenn also appeals his convictions for brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371.

On appeal, Glenn argues that the district court erred in denying his motion for severance and in admitting Tyrone's jailhouse confession into evidence, in violation of his Sixth Amendment right to confrontation. Glenn also argues that the district court erred in denying his motion to suppress evidence, asserting that the evidence underlying his conviction was obtained as the result of an illegal traffic stop and search. As to Tyrone's arguments on appeal, he contends that the district court plainly erred in denying his motion to suppress evidence because his detention following an investigatory traffic stop constituted a *de facto* arrest without probable cause. Tyrone further argues that the district court erroneously instructed the jury that escape is a part of the crime of armed bank robbery.[1]

---

[1] To the extent Tyrone also argues that the district court erred in denying his motion for a judgment of acquittal, we reject that argument without further discussion.

For the reasons that follow, we affirm.

## I. Glenn's argument concerning his motion for severance

We review a district court's denial of a motion for severance for abuse of discretion. *United States v. Taylor*, 186 F.3d 1332, 1335 (11th Cir. 1999). "To justify severance, the defendant must demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his defense." *United States v. Cobb*, 185 F.3d 1193, 1197 (11th Cir. 1999) (quotation omitted).

Because the record demonstrates that Tyrone's confession did not inculpate Glenn, and Glenn failed to otherwise establish that he was prejudiced by a joint trial with his codefendants, we conclude that the district court did not abuse its discretion in denying Glenn's motion for severance.

## II. Glenn's argument concerning Tyrone's jailhouse confession

We review questions of constitutional law *de novo*. *United States v. Brown*, 364 F.3d 1266, 1268 (11th Cir. 2004). Determinations of the admissibility of evidence are reviewed for abuse of discretion. *United States v. Miles*, 290 F.3d 1341, 1351 (11th Cir. 2002). The Confrontation Clause of the Sixth Amendment provides a defendant in a criminal trial the right "to be confronted with the witnesses against him" and to cross-examine them. U.S. Const. amend. VI; *Richardson v. Marsh*, 481 U.S. 200, 206, 107 S. Ct. 1702, 1706-07, 95 L. Ed. 2d

3

176 (1987).

In *Crawford v. Washington*, the Supreme Court stated that the Confrontation Clause applies not solely to in-court statements, but also to out-of-court hearsay statements, noting, however, that not all hearsay statements implicated the Sixth Amendment's core concerns. *Crawford*, 541 U.S. 36, 50-51, 124 S. Ct. 1354, 1364, 158 L. Ed. 2d 177 (2004). The Court held that prior testimonial statements may be admitted only if the declarant is unavailable and the defendant had an opportunity to cross-examine the declarant. *Id*. at 68, 124 S. Ct. at 1374. Recently, in *Davis v. Washington*, ___ U.S. ___, ___, 126 S. Ct. 2266, 2273-74 (2006), the Supreme Court held generally that statements are testimonial where the "primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution."

The record demonstrates that Tyrone voluntarily confessed his involvement to a fellow inmate under circumstances that would not have led him to believe his statement would be available for use at a future trial. There is no evidence in the record that the inmate pressed Tyrone for information or otherwise compelled him to confess. Thus, Tyrone's confession was not testimonial in nature and we hold that the district court did not violate Glenn's rights under the Confrontation Clause in admitting it into evidence.

**III.  Glenn's argument concerning his motion to suppress evidence**

"A district court's ruling on a motion to suppress presents a mixed question of law and fact." *United States v. Zapata*, 180 F.3d 1237, 1240 (11th Cir. 1999). We accept the district court's findings of fact to be true, unless shown to be clearly erroneous, and review the district court's application of the law to those facts *de novo*. *Id*. "[A]ll facts are construed in the light most favorable to the prevailing party below." *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000). "The individual challenging the search bears the burdens of proof and persuasion." *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998).

The Fourth Amendment protects individuals from "unreasonable searches and seizures" by government officials, and its protections extend to "brief investigatory stops of persons or vehicles." *United States v. Arvizu*, 534 U.S. 266, 273, 122 S. Ct. 744, 750, 151 L. Ed. 2d 740 (2002).  For brief investigatory stops, the Fourth Amendment is satisfied if the police officer has "reasonable suspicion to believe that criminal activity 'may be afoot'". *Id*. (citation omitted).  When determining whether reasonable suspicion exists, courts must consider the totality of the circumstances to decide if the police officer had a "particularized and objective basis" for suspecting legal wrongdoing. *Arvizu*, 534 U.S. at 273, 122 S. Ct. at 750.  In so doing, "a reviewing court must give due weight to the officer's

experience," *United States v. Briggman*, 931 F.2d 705, 709 (11th Cir. 1991), and must consider the "collective knowledge of [all of] the officers involved in the stop," *United States v. Williams*, 876 F.2d 1521, 1524 (11th Cir. 1989). "[A]n individual's proximity to illegal activity may be considered." *United States v. Hunter*, 291 F.3d 1302, 1306 (11th Cir. 2002).

The record demonstrates that, based on the totality of the circumstances and the facts known to police at the time, there was reasonable suspicion to conduct an investigatory stop of the car in which Glenn and Tyrone were driving. A "be on the lookout" ("BOLO") was issued for two black males in a white Malibu, and the car, which matched that description, was stopped approximately 1.7 miles from the bank where the robbery had occurred.

Furthermore, Glenn lacks standing to challenge the search of the car. A passenger usually does not have a privacy interest in a car that the passenger neither owns nor rents, regardless of whether the driver owns or rents it. *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998). To the extent that Glenn challenges the traffic stop, his argument is also without merit. "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas v. Illinois*, 439

6

U.S. 128, 134, 99 S. Ct. 421, 425, 58 L. Ed. 2d 387 (1978). The record indicates that Tyrone was the registered owner and the driver of the Malibu, and that Glenn was merely a passenger. Accordingly, we conclude that the district court did not err in denying Glenn's motion to suppress.

### IV. Tyrone's argument concerning the legality of the traffic stop

Because Tyrone did not argue that his detention was a *de facto* arrest in his motion to suppress before the district court and now raises this argument for the first time on appeal, we review his claim for plain error only. *United States v. Young*, 350 F.3d 1302, 1305 (11th Cir. 2003). Under plain error review, we may exercise our discretion to correct an error where (1) an error occurred, (2) the error was plain, (3) the error affects substantial rights, and (4) "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732-36, 113 S. Ct. 1770, 1777-79, 123 L. Ed. 2d 508 (1993) (quotations and citations omitted); Fed. R. Crim. P. 52(b).

"[I]f . . . an encounter [is] too intrusive to be classified as an investigative detention, the encounter is a full-scale arrest, and the government must establish that the arrest is supported by probable cause." *United States v. Hastamorir*, 881 F.2d 1551, 1556 (11th Cir. 1989). We consider several factors to determine whether a purported investigatory detention amounts to a *de facto* arrest requiring

7

probable cause, including: (1) the purpose of the detention; (2) the diligence of the officials in conducting the investigation; (3) the scope and instrusiveness of the detention; and (4) the duration of the detention. *United States v. Hardy*, 855 F.2d 753, 759 (11th Cir. 1988). "Probable cause [to arrest] exists where the facts and circumstances within the collective knowledge of the law enforcement officials, of which they had reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe an offense has been or is being committed." *Hastamorir*, 881 F.2d at 1557 (quotation omitted).

We conclude from the record that the district court did not plainly err in failing to suppress evidence based on an improper detention that amounted to a *de facto* arrest. The record demonstrates that the police had reasonable suspicion to conduct an investigatory stop of Tyrone's car. The police initiated the traffic stop upon hearing a BOLO for two black males in a white Malibu and spotting Tyrone's car, which matched that description, in close proximity to the location of the robbery. Moreover, the record indicates that the entire detention, from the initial stop until the defendants were formally arrested, took approximately 40 minutes. Thus, we conclude that Tyrone's detention was lawful and did not amount to a *de facto* arrest because it was reasonable in both scope and duration.

## V. Tyrone's argument concerning erroneous jury instructions

8

Jury instructions properly challenged below are reviewed *de novo* to determine whether they misstated the law or misled the jury to the prejudice of the objecting party. *United States v. Grigsby*, 111 F.3d 806, 814 (11th Cir. 1997). "Counsel's objections to proposed instructions should be sufficient to give the district court the chance to correct errors before the case goes to the jury." *Id.* (quotation omitted). We will reverse the district court because of an erroneous jury instruction only if we are "left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." *United States v. Fulford*, 267 F.3d 1241, 1245 (11th Cir. 2001) (quotation omitted).

After reviewing the record, including the district court's instructions to the jury, we conclude that the district court did not misstate the law or mislead the jury to the prejudice of Tyrone.

## VI. Conclusion

For the above-stated reasons, we affirm the convictions of Glenn and Tyrone.

**AFFIRMED.**