[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2009
THOMAS K. KAHN
CLERK

No. 08-11450

D. C. Docket No. 05-00021-CR-WCO-2-2

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KEVIN FELTS,
a.k.a. Neil Milan,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 21, 2009)

Before DUBINA, Chief Judge, TJOFLAT, Circuit Judge, and WALTER,* District
Judge.

_____

*Honorable Donald E. Walter, United States District Judge for the Western District of
Louisiana, sitting by designation.

PER CURIAM:

On December 3, 2007, Defendant Kevin Felts ("Felts") was convicted of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), money laundering in violation of 18 U.S.C. § 1956(a)(2)(A) and (B)(i), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). [R. 311]. The district court sentenced Felts to 210 months imprisonment, three years supervised release, and a $20,000 fine. [R. 316]. On appeal, Felts alleges his conviction and sentence should be reversed because the district court erred in denying his pretrial motion to suppress, the district court improperly instructed the jury on the money laundering offenses, there was insufficient evidence from which a jury could find beyond a reasonable doubt that he was guilty of "concealment money laundering," and the district court erred in calculating his offense level under the Guidelines. After reviewing the evidence presented at trial and the parties' briefs, we summarily affirm Felt's conviction and sentence on all grounds, but publish this opinion to specifically address Felt's claim regarding the propriety of the jury instructions given in this case.

## STANDARD OF REVIEW

Jury instructions properly challenged below are reviewed *de novo* to determine whether the instructions misstated the law or misled the jury to the prejudice of the objecting party. *U.S. v. Johnson*, 192 Fed.Appx. 935, 939 (11th Cir. 2006). The

2

Eleventh Circuit will reverse a district court because of an erroneous instruction only if the circuit court is "left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." *Id.* (citing *U.S. v. Mulford*, 267 F.3d 1241, 1245 (11th Cir. 2001)). In contrast, jury instructions that are challenged for the first time on appeal are reviewed for plain error. *U.S. v. Prather,* 205 F.3d 1265, 1270 (11th Cir. 2000) (citing Fed. R. Crim. P. 30, 52(b)).

## DISCUSSION

18 U.S.C. § 1956(a)(2) (the transportation money laundering statute) proscribes a broad range of conduct, prohibiting three distinct types of money laundering. *See U.S. v. Bolden*, 325 F.3d 471, 486 (4th Cir. 2003) (discussing the four prohibitions listed in § 1956(a)(1)). To establish a violation of money laundering under §1956(a)(2), the government must first prove the defendant transported, transmitted, or transferred (or attempted to transport, transmit, or transfer) a monetary instrument or funds "from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States." 18 U.S.C. § 1956(a)(2). Second, the government must prove the defendant "transported" the funds:

> (A) with the intent to promote the carrying on of specified unlawful activity; ***or***

3

(B) knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed in whole or in part—

(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; *or*

(ii) to avoid a transaction reporting requirement under State or Federal law.

(emphasis added).

Felts was specifically charged with violating §1956(a)(2)(A) and (B)(i). At trial, the judge instructed the jury, pursuant to the Eleventh Circuit Pattern Jury Instructions, that Felts could be found guilty of money laundering if all of the following facts were proven beyond a reasonable doubt:

First, that the Defendant knowingly attempted to transport, transmit or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States. And, second, that the defendant engaged in the attempted transportation, transmission, or transfer with the intent to promote the carrying on of the specified unlawful activity *or*, knowing that the funds involved in the transportation, transmission or transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission or transfer was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the funds.

[R. 337, p.968-69 (emphasis added)].

Felts claims promotional money laundering and concealment money laundering

are two separate offenses under 18 U.S.C. § 1956(a)(2) and that the district court erred by submitting these two offense as a single charge and refusing to use a special verdict form.  Alternatively, Felts argues the judge should have instructed the jury that it must unanimously agree as to which mental state existed (intent to promote or intent to conceal) before finding him guilty.  Because Defendant is challenging the jury instructions for the first time on appeal, the Court must review the instructions only for plain error.  *Prather*, 205 F.3d at 1270.  Under the "plain error" standard, Defendant must demonstrate (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights.[1]  *U.S. v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776 (1993) (citing Fed. R. App. P. 52(b)).

Courts have repeatedly held that "where a statute defines two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count."  *U.S. v. Bolden*, 325 F.3d 471, 487 n.20 (quoting *U.S. v. LeDonne*, 21 F.3d 1418, 1427 (7th Cir. 1994)).  Proof of any one of those acts conjunctively charged may support a conviction.  *LeDonne*, 21 F.3d at 1427; *see also*, *U.S. v. Stone*, 954 F.2d

---

[1]A district judge is vested with broad discretion in formulating a jury charge so long as the charge as a whole accurately reflects the law and the facts.  *U.S. v. Turner*, 871 F.2d 1574, 1578 (11th Cir. 1993); *U.S. v. Silverman*, 745 F.2d 1386, 1395 (11th Cir. 1984).  A conviction will not be reversed on the basis of an improper jury charge unless "the issues of law were presented inaccurately, the charge included crimes not in the indictment, or the charge improperly guided the jury in such a substantial way as to violate due process."  *Turner*, 871 F.2d at 1578 (internal citations omitted).

1187, 1192 (6th Cir. 1992); *U.S. v. Bonanno*, 852 F.2d 434, 441 (9th Cir. 1988), *cert. denied*, 488 U.S. 1016, 109 S.Ct. 812 (1989); *U.S. v. Clausen*, 792 F.2d 102, 105 (8th Cir. 1986), *cert. denied*, 479 U.S. 858, 107 S.Ct. 202 (1986). Under §1956(a)(2), the promotion and concealment prongs are simply two different means by which the requisite mens rea for the single offense of money laundering may be proven. *U.S. v. Stewart*, 256 F.3d 231, 248 (4th Cir. 2001) (the fact that the defendant possessed two different types of mens rea while completing the financial transactions at issue does not create two distinct offenses). Consequently, it is permissible for district courts to submit "promotional money laundering" and "concealment money laundering" as a single charge on a general verdict form. *See Bolden*, 325 F.3d at 487 n.19 ("A single count of an indictment may permissibly allege either one or more of the types of money laundering contained in §1956(a)(1)."); *U.S. v. Booth*, 309 F.3d 566, 572 (9th Cir. 2002) ("the jury was permitted to convict if it found that [defendant] had conducted the money laundering transactions *either* with the intent to promote the unlawful activity *or* knowing that the transactions were designed to conceal") (italics in original).

Furthermore, because the distinction between using money to "promote" unlawful activity and using it to "conceal or disguise the nature of" unlawful activity is minimal, a district court is not required to instruct the jury that it must unanimously

agree as to which mens rea the defendant possessed at the time of the offense. *U.S. v. Meshack*, 225 F.3d 556, 569 n.22 (5th Cir. 2000), *amended on other grounds,* 244 F.3d 367 (5th Cir. 2001) (a district court's failure to instruct the jury that it must unanimously agree as to which of the two mental states the defendant possessed is not plain error). There is little, if any, risk of unfairness which could result from not treating each mental state as a separate violation. *Id.* at 569; s*ee also, U.S. v. Alford*, 999 F.2d 818, 814 (5th Cir. 1993) (a specific unanimity question is not required where a jury is instructed that it may base a guilty verdict upon §1956(a)(1)(A)(i) or (B)(i)); *U.S. v. Nattier*, 127 F.3d 655, 660 (8th Cir. 1997) (the failure to provide a specific unanimity instruction does not constitute error, much less plain error).

Accordingly, because "promotional money laundering" and "concealment money laundering" are two separate offenses that do not require a special verdict form or a specific unanimity instruction, we conclude the district court's instructions to the jury was not error, plain or otherwise.

AFFIRMED.