[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10324
Non-Argument Calendar
_____

D.C. Docket No. 3:11-CR-00035-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS ALMOND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 17, 2012)

Before MARTIN, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Travis Almond appeals his conviction for carrying and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2). Almond argues that the district court committed per se reversible error by constructively amending Count 2 of the indictment. He asserts that the indictment only charged him with one of the two ways of violating 18 U.S.C. § 924(c)(1)(A) and the court constructively amended the indictment by telling the jury that he could be convicted for violating § 924(c)(1)(A) in either way.

We review de novo whether jury instructions constructively amend an indictment. See United States v. Sanders, 668 F.3d 1298, 1309 n.9 (11th Cir. 2012). A constructive amendment "occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." United States v. Keller, 916 F.2d 628, 634 (11th Cir. 1990). "Customarily, a constructive amendment occurs because the trial court instructs the jury on an expressly different crime than the one alleged in the indictment." United States v. Johnson, 713 F.2d 633, 644 n.12 (11th Cir. 1983).

"A jury instruction that constructively amends a grand jury indictment . . . violates a defendant's constitutional right to be tried on only those charges presented in a grand jury indictment and creates the possibility that the defendant

2

may have been convicted on grounds not alleged in the indictment." United States v. Cancelliere, 69 F.3d 1116, 1121 (11th Cir. 1995). Therefore, the constructive amendment of an indictment is per se reversible error. United States v. Williams, 527 F.3d 1235, 1246 (11th Cir. 2008); Cancelliere, 69 F.3d at 1121.

Section 924(c) states, in relevant part, "any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" shall be subject to enhanced penalties enumerated in the statute. 18 U.S.C. § 924(c)(1)(A). Thus, the enhanced penalties can be triggered in either one of two ways: (1) if the defendant carried or used a firearm during and in relation to a drug trafficking crime or (2) if the defendant possessed a firearm in furtherance of such a crime. United States v. Haile, 685 F.3d 1211, 1217 (11th Cir. 2012).

Count 2 of the indictment states that Almond "did carry and possess a firearm in furtherance of[] a drug trafficking crime . . . in violation of Title 18, United States Code, Section 924(c)(1)." The original jury instructions and the supplemental jury instructions set out both ways in which the enhanced penalty can be triggered. Almond argues that by instructing the jury on both of the ways to trigger 18 U.S.C. § 924(c) the district court constructively amended the indictment because the indictment only charged him with the possession "in furtherance of"

3

provision of the statute.

In addressing Almond's argument we first examine the indictment.  Count 2 contains the language "carry and possess."  We have held that when a statute defines multiple ways an offense may be committed, all may be alleged in the conjunctive and proof of any one of those acts may support a conviction.  United States v. Felts, 579 F.3d 1341, 1344 (2009).  The language "carry and possess," accompanied by the reference to § 924(c)(1)(A), signaled the inclusion of both bases for conviction (the "during and in relation to . . . uses or carries" prong and the "in furtherance of . . . possesses" prong) in the indictment.

Although the indictment omitted "in relation to" from the carrying "in relation to" charge, it included "in furtherance of" from the second basis for conviction under § 924(c)(1)(A) and the two phrases require that there be the same type of connection between the firearm and the drug trafficking.  For a firearm to have been carried "in relation to" a drug trafficking offense it must have facilitated, or have had the potential to facilitate, the drug trafficking crime.  United States v. Timmons, 283 F.3d 1246, 1251 (11th Cir. 2002).  Similarly, for a firearm to be possessed "in furtherance of" a drug trafficking crime it must have "helped, furthered, promoted, or advanced the drug trafficking."  Id. at 1252.  Thus, the two

4

phrases have essentially the same meaning[1] and the indictment adequately conveyed the charge of carrying a firearm in relation to a drug trafficking crime.

Next, in examining the jury instructions, we note that the district court correctly explained the two prongs of 18 U.S.C. § 924(c)(1)(A). The jury was informed that "in relation to" intends that "[t]he firearm must have helped with some important function or purpose of the crime." The instructions also stated that "in furtherance of" a drug trafficking crime "means that the firearm helped, promoted, or advanced the crime in some way." "[T]he substance of the indictment"—that Almond carried or possessed his firearm in a manner that helped his drug trafficking crime—remained intact despite the fact that the language in the jury instruction did not exactly match that in the indictment. See United States v. Moore, 525 F.3d 1033, 1046 (11th Cir. 2008). Therefore, the jury instructions do not support Almond's claim that the indictment was constructively amended.[2]

---

[1] The carrying "in relation to" prong of § 924(c)(1)(A) also includes a temporal requirement: the firearm must be carried "during and in relation to . . . a drug trafficking crime." Id. (emphasis added). Thus, if an individual carried or possessed a firearm in a manner that helped his drug trafficking crime, he would be guilty under the "in furtherance of" prong, but would not be guilty of the "in relation to" prong unless it is also shown that the firearm was carried during the drug trafficking crime. However, Almond does not argue, and therefore we need not decide whether omitting this temporal component from the "in relation to" prong constructively amended his indictment.

[2] Almond calls our attention to the verdict form, which described the charge as "Possession of a Firearm during a Drug Trafficking Crime." We agree that the verdict form does not properly state the underlying offense. However, we assume that the jury followed the jury instructions, United States v. Tobin, 676 F.3d 1264, 1297 n.20 (11th Cir. 2012), which

**AFFIRMED.**

---

appropriately explained the charges in the indictment.  Therefore, we do not view this verdict form as grounds for finding that there was a constructive amendment of the indictment.