[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13778

_____

D.C. Docket No. 6:98-cr-00099-PCF-KRS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHOLAM WEISS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 24, 2013)

Before BARKETT, MARCUS, and HILL, Circuit Judges.

PER CURIAM:

Sholam Weiss appeals his conviction following a jury trial for seventy-eight

counts of racketeering, wire fraud, interstate transportation of stolen funds, money

laundering, and other offenses arising out of a scheme to defraud the National Heritage Life Insurance Company ("NHLIC"). Weiss argues (1) that the government violated his Sixth Amendment right to counsel when it improperly subpoenaed his attorney, thereby preventing the attorney from serving as trial counsel, and (2) that he was denied his Sixth Amendment right to a unanimous verdict because the trial court failed to instruct the jury that it had to unanimously agree on whether the wire fraud convictions were predicated on a scheme to obtain money or property or on a scheme to deprive another of the intangible right to honest services. After a review of the record and oral argument, we affirm.

## I.    Choice of Counsel

Weiss first argues that he was deprived of his Sixth Amendment right to counsel of his choice when the government improperly issued a trial subpoena to his long-time counsel, Robert Leventhal. Weiss contends that the subpoena, which was eventually quashed by the district court, was issued in bad faith and resulted in the de facto disqualification of Leventhal from serving as trial counsel. Weiss argues that the deprivation of chosen counsel is a structural error that does not require any showing of prejudice. Weiss further argues that dismissal of the indictment is warranted here because the government engaged in willful misconduct when it issued the subpoena and because Weiss would suffer actual

2

prejudice from a retrial.  In the alternative, Weiss asks this Court to vacate his convictions and remand to the district court for further proceedings.

### a.  Factual and Procedural Background

Weiss first retained Leventhal in 1995 in connection with the investigation of the failure of NHLIC.  During that investigation, Leventhal provided certain documents and recordings to the government on Weiss's behalf, which the government later discovered Weiss had fabricated.  Both parties agree that Leventhal was not aware that the documents and recordings were false.

As a result of the NHLIC investigation, Weiss was indicted in 1997, and Leventhal entered his appearance in that case as sole counsel of record for Weiss. The government dismissed the 1997 indictment without prejudice and, in April 1998, a grand jury returned a ninety-three count indictment against Weiss charging him with racketeering, wire fraud, money laundering, and other offenses relating to the collapse of NHLIC.

Sometime before Weiss's initial appearance on May 15, 1998,[1] the government advised Leventhal that he would be subpoenaed by the government to testify at trial regarding the documents he had provided to the government on Weiss's behalf in 1995 and to provide those documents he still had in his

---

[1] Weiss contends that the government did not inform Leventhal of the anticipated subpoena until shortly before his initial appearance in May 1998.  The government, on the other hand, claims that prosecutors informed Leventhal of the subpoena at least by January 1998.

3

possession to the prosecution.  According to the government, the anticipated testimony concerned when and what Weiss told Leventhal about the fraudulent documents and recordings and their production to the government.  The documents in question formed the basis of the two counts of false statement and one count of obstruction of justice against Weiss.  Before the subpoena was served, Weiss and Leventhal offered to enter into certain stipulations to avoid the need for Leventhal's testimony, but negotiations with the government failed.  The government served the subpoena on Leventhal on July 7, 1998.  Leventhal did not enter a general appearance on behalf of Weiss[2] and Weiss retained Joel Hirschhorn, who had not previously been involved in the investigation or case, as replacement counsel.

Both Weiss and Leventhal filed motions to quash the subpoena on the grounds of lack of necessity and the Sixth Amendment right to counsel.[3]  The district court, believing that Leventhal's testimony was not necessary to the case because of Weiss's proposed stipulations, quashed the subpoena.

---

[2] The parties disagree as to why Leventhal did not enter a general appearance.  While Weiss contends that the only reason Leventhal did not enter a general appearance was because of the pending subpoena, the government points to certain statements made during pre-trial and trial proceedings that Leventhal did not enter a general appearance because Weiss was unable to arrange payment for Leventhal's services, Leventhal had other business obligations, and Leventhal did not want to work with Weiss's current lawyer.  The government also argues that Leventhal had an actual conflict of interest in the case because Weiss used his services to obstruct justice and, for this reason, could not represent Weiss at trial.

[3] Leventhal argued in his motion to quash that the government issued the subpoena in bad faith.  Weiss did not explicitly make any bad faith argument, but did incorporate by reference all arguments in Leventhal's motion to quash.

According to Weiss, there was not enough time for Leventhal to clear his schedule and prepare for the nine-month trial that was scheduled to begin ten days after the district court issued its ruling. Thus, Weiss argues, Leventhal was effectively disqualified from serving as Weiss's trial counsel because of the government's alleged bad faith issuance of the trial subpoena.

During trial, Weiss testified regarding the fraudulent documents and recordings. The government objected that Weiss's testimony contradicted the stipulation that the parties had entered as a result of the litigation surrounding Leventhal's trial subpoena and re-subpoenaed Leventhal to rebut Weiss's testimony. Weiss filed a motion to quash the subpoena, arguing that Leventhal had been assisting Hirschhorn with the trial and that the re-issued subpoena had a chilling effect on Hirschhorn's ability to consult with Leventhal. After hearing Leventhal's testimony outside of the presence of the jury, the district court denied the motion to quash and allowed Leventhal to testify, finding that the testimony concerned some disputed issued of material fact that were not covered by the stipulation and to which no other witness could testify. Leventhal eventually testified during trial.

### b. Discussion

We review claims of prosecutorial misconduct, which involve questions of law and fact, de novo. United States v. Eckhardt, 466 F.3d 938, 947 (11th Cir.

2006).[4]  Here, there is no evidence that the government acted in bad faith when it subpoenaed Leventhal's testimony.  It was evident that Leventhal's representation of Weiss was rife with conflict---conflict about the nature, timing, and circumstances of disgorging the documents at issue to federal law enforcement authority.

Furthermore, Weiss has failed to show that it was the issuance of the subpoena that caused Leventhal's failure to represent Weiss.  Leventhal had an actual conflict of interest that arose when Weiss used his services to obstruct justice and could not represent Weiss for that reason.  Certainly, Leventhal could not counsel Weiss as to whether he should or should not testify regarding, for example, the timing and circumstances of the conveyance of the documents when Leventhal's knowledge of events differed from Weiss's testimony.  We find no violation of Weiss's Sixth Amendment right to counsel.

## II.    Unanimous Verdict

Weiss also argues that he was denied his Sixth Amendment right to a unanimous verdict.  Weiss was charged with twenty-seven counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 1346 for participating in a scheme to

---

[4] The government argues that this claim should be subject to plain error review because Weiss did not raise it front of the district court.  However, the prolonged subpoena litigation, including Weiss's motion to quash in which he adopted by reference Leventhal's allegations of prosecutorial misconduct, are sufficient to preserve his prosecutorial misconduct for appellate review.

fraudulently obtain money or property or to fraudulently deprive another of the intangible right of honest services.  At trial, although the district court gave the jury a general unanimity instruction, it did not specifically instruct the jury that they had to unanimously agree on whether Weiss was guilty of wire fraud because he engaged in a scheme to obtain money or property or because he engaged in a scheme to deprive of honest services.  Weiss argues that the failure to give this additional unanimity instruction violated the Sixth Amendment.

Because Weiss did not raise this issue in the district court, we review the district court's instructions for plain error.  United States v. Felts, 579 F.3d 1341, 1343 (11th Cir. 2009).  Under the plain error standard, a defendant must demonstrate that (1) an error occurred, (2) the error was plain, and (3) the error affected the defendant's substantial rights.  Id. at 1344.  For an error to be plain, the error must be "clear from the plain meaning of a statute or constitutional provision, or from a holding of the Supreme Court of this Court" at the time of appellate review.  United States v. Pantle, 637 F.3d 1172, 1174-75 (11th Cir. 2011).  Here, even assuming that the district court erred in failing to give a specific unanimity instruction as to the wire fraud charges, we cannot find such error was plain.  Id.

It is clear that, under the Sixth Amendment, "a jury in a federal criminal case cannot convict unless it unanimously finds that the Government has proved each

element [of the offense]." Richardson v. United States, 526 U.S. 813, 817 (1999). However, the Supreme Court has made clear that jurors need not unanimously agree on the underlying facts that make up a particular element of the offense, such as which of several possible means a defendant used to commit that element, so long as they unanimously agree that the government has proven the element beyond a reasonable doubt. Schad v. Arizona, 501 U.S. 624, 631-32 (1991); see also Richardson, 526 U.S. at 817 ("Where, for example, an element of robbery is force or the threat of force, some jurors might conclude that the defendant used a knife to create the threat; others might conclude he used a gun. But that disagreement—a disagreement about means—would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element, namely, that the defendant had threatened force.").

In the case of wire fraud, neither the Supreme Court nor this Court has decided whether the nature of the wire fraud scheme is an element of the offense, requiring the jury's unanimous agreement on whether the scheme was to fraudulently obtain money or property or whether it was to fraudulently deprive of honest services. Therefore, the district court's failure to instruct the jury that they must unanimously agree on the nature of the wire fraud scheme was not plain error.

8

Weiss argues that this Court has previously approved of a similar unanimity instruction in a wire fraud prosecution. See United States v. Woodard, 459 F.3d 1078, 1084 (11th Cir. 2006). However, the Court in Woodard held only that the district court did not err in giving the specific unanimity instruction; it did not consider whether failure to give such an instruction would violate the Sixth Amendment. Weiss's reliance on the government's own current practice of using special verdict forms or specific unanimity instructions in wire fraud prosecutions is similarly misplaced. See United States v. Cabrera, 804 F. Supp. 2d 1261, 1264-68 (M.D. Fla. 2011) (noting that the district court instructed the jury that they must unanimously agree on the nature of the defendant's wire fraud scheme and that the court used a special verdict form requested by the government which called for the jury to decide whether the defendant was guilty of a scheme to defraud of money or of a scheme to deprive of honest services). The mere fact that the government now has a practice of requesting specific unanimity instructions or special verdict forms does not plainly establish "from a holding of the Supreme Court of this Court" that such instructions are required by the Sixth Amendment. See Pantle, 637 F.3d at 1174-75.

Furthermore, Weiss cannot show that the failure to give a specific unanimity instruction, even if it were plainly erroneous, affected his substantial rights, as required for a reversal under the plain error standard of review. United States v.

9

<u>Felts</u>, 579 F.3d at 1344.  In other words, Weiss has the burden of proving that there is a reasonable probability that, but for the alleged error, the outcome of the trial would have been different.  <u>United States v. Kennard</u>, 472 F.3d 851, 858 (11th Cir. 2006).  Here, the district court instructed the jury that the verdict must be unanimous.  Consequently, Weiss's proposed specific unanimity instruction on the wire fraud counts was substantially covered by the district court's other instructions.  See <u>United States v. Gonzales</u>, 122 F.3d 1383, 1388 n.5 (11th Cir. 1997) (holding that the failure to give a specific unanimity instruction was not reversible under plain error review because the district court gave a general unanimity instruction); <u>see also</u> <u>United States v. Fredette</u>, 315 F.3d 1235, 1242-43 (10th Cir. 2003) (affirming, under plain error review, the district court's failure to give a specific unanimity instruction on a wire fraud count because "it is assumed that a general instruction on the requirement of unanimity suffices to instruct the jury that they must be unanimous on whatever specifications they find to be the predicate of the guilty verdict" and because the evidence was sufficient to convict the defendant of both types of wire fraud).  For these reasons, we affirm the district court's jury instructions.

   **AFFIRMED.**

10