[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12296
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20451-RNS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY CHAND,
a.k.a. Chico,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 12, 2015)

Before JILL PRYOR, EDMONDSON, and BLACK, Circuit Judges.

PER CURIAM:

Terry Chand  appeals his sentence and convictions for conspiracy to encourage and induce aliens to enter the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I); encouraging and inducing aliens to enter the United States, in violation of § 1324(a)(1)(A)(iv); bringing aliens into the United States for commercial advantage and private gain, in violation of § 1324(a)(2)(B)(ii); and aiding or assisting certain aliens to enter the United States, in violation of 8 U.S.C. § 1327.  First, Chand argues that the district court erred in instructing the jury on the meaning of the term "encourage" for purposes of §§ 1324(a)(1)(A)(iv), (v)(1); he says the court's definition was too broad.  Next, he argues that two of his convictions under § 1324(a)(2)(B)(ii) should be vacated and that the case should be remanded for resentencing because insufficient evidence failed to establish that he brought two of the aliens -- Singh and Brown -- to the United States for commercial advantage and private financial gain.  Then, he argues that his convictions under § 1327 should be vacated and remanded for dismissal because the government failed to prove that he aided or assisted two of the aliens -- Sappleton and James -- in attempting to reenter the United States.

2

I.

We review jury instructions *de novo* to determine whether the instructions "misstated the law or misled the jury to the prejudice of the objecting party." *United States v. Felts*, 579 F.3d 1341, 1342 (11th Cir. 2009).  We will not reverse due to an erroneous instruction unless we are left "with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." *Id.* at 1342-43 (quotation omitted).  Undefined statutory terms are given their ordinary meaning or common usage, and courts will often use dictionary definitions for guidance in ascertaining a word's ordinary meaning.  *United States v. Lopez*, 590 F.3d. 1238, 1248 (11th Cir. 2009) (quotation omitted).  In *Lopez*, we concluded that the district court did not err in using dictionary definitions to define "encourage" in § 1324(a)(1)(A)(iv) and that including "to help" in the definition did not "render superfluous" the other two subsections of § 1324.  *Id.* at 1250

The district court did not err in defining "encourage" for the jury: the definition did not misstate the law or mislead the jury in finding Chand guilty of conspiracy and encouraging and inducing aliens to enter the United States.  Based on our prior precedent, evidence that Chand helped the aliens and made their trip more likely to happen was enough for purposes of finding encouragement under

3

§ 1324(a)(1)(A)(iv) and "encourage" did not require something different or more, such as spurring or motivating someone to violate immigration laws.


## II.


Chand argues that two of his convictions under § 1324(a)(2)(B)(ii) should be vacated because insufficient evidence was presented that he brought two of the aliens to the United States for commercial gain or private financial gain.   As in this case, when the defendant did not move for a judgment of acquittal at the close of the evidence, we will set aside the conviction only if we find a manifest miscarriage of justice: that is, "if the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *United States v. Edwards*, 526 F.3d 747, 755-56 (11th Cir. 2008) (quotation omitted).  To make this determination, we will consider all the evidence presented at trial and draw all reasonable inferences in favor of the jury's verdict.  *United States v. Perez*, 661 F.3d 568, 574 (11th Cir. 2011).

We have defined "commercial advantage" as "a profit or gain in money obtained through business activity" and "private financial gain" as "an additional profit specifically for a particular person or group." *United States v. Zheng*, 306 F.3d 1080, 1086 (11th Cir. 2002).  No evidence of actual payment or of an

4

agreement for defendant to be paid is needed; evidence that the defendant acted for the purpose of financial gain is sufficient. *See United States v. Dominguez*, 661 F.3d 1051, 1066 (11th Cir. 2011) (holding that "punishment under § 1324(a)(2)(B)(ii) does not turn on the financial success of the smuggling venture"). We have upheld a conviction under § 1324(a)(2)(B)(ii) where the evidence did not show specifically that the alien in question paid the defendant to be smuggled, but the defendant had admitted that he had agreed to smuggle other aliens on his boat for a fee. *United States v. Kendrick*, 682 F.3d 974, 985 (11th Cir. 2012).

It was not a manifest miscarriage of justice for the jury to convict Chand of bringing the pertinent two aliens into the United States for commercial advantage when evidence was presented that Chand, in a general sense, was in the business of smuggling aliens for the purpose of financial gain. In addition, even though there was no specific evidence from two of the aliens that they paid Chand or had some connection with him, there was evidence that he received a profit for the entire group of five aliens.

III.

Chand argues that his convictions under § 1327 should be vacated because the government failed to prove he aided or assisted two of the aliens in attempting to reenter the United States. A defendant is guilty of violating § 1327 if that person (1) knowingly aided or assisted an alien to enter the United States; (2) knew that the alien was inadmissible; and (3) the alien was inadmissible under 8 U.S.C. § 1182(a)(2) for having been convicted of an aggravated felony. 8 U.S.C. § 1327; *Lopez*, 590 F.3d at 1254. For purposes of element two, the government must prove only that the defendant knew that the alien was inadmissible and need not prove that the alien was inadmissible under § 1182(a)(2). *Lopez*, 590 F.3d at 1254.

In *United States v. Castro*, the former Fifth Circuit said the requirements for finding that a defendant "aid[ed] or assist[ed]" the escape of a prisoner, under 18 U.S.C. § 752(a), are the same as those for "aiding and abetting" under 18 U.S.C. § 2 and require more than the defendant's "mere presence" at the escape. 621 F.2d 127, 129 (5th Cir. 1980). To "aid or abet" another in the commission of a crime, within the meaning of § 2, requires that the defendant somehow "associate himself with the venture, that he participate in it as in something that he wishes to bring about, [or] that he seek by his action to make it succeed." *Nye & Nissen v. United*

6

*States*, 336 U.S. 613, 619, 69 S.Ct.766, 770, 93 L.Ed. 919 (1949) (quotation omitted).

It was no manifest miscarriage of justice for the jury to convict Chand of aiding or assisting two of the aliens to enter the United States: Chand received money for the role he played in smuggling the aliens to the United States and was not just a "mere presence" on the day that the two aliens boarded the boat for Florida.   In addition, evidence was presented that Chand knew the two persons were inadmissible aliens; and the parties stipulated to the fact that the two aliens previously were convicted of aggravated felonies.

**AFFIRMED.**