[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10151
Non-Argument Calendar

_____

D.C. Docket No. 0:15-cr-60025-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAYLOR JORDAN WARDLOW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 22, 2016)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Taylor Wardlow appeals his convictions for production of child pornography, possession of child pornography, and sex trafficking two minors. He argues that (1) there was insufficient evidence to sustain his production-of-child-pornography conviction; (2) the district court both erred in refusing to provide a "theory of defense" jury instruction that he requested and in providing a "consent" jury instruction proposed by the government; and (3) the district court violated his Sixth Amendment right to confront the witnesses against him. After careful consideration of the parties' briefs and the record, we affirm.

I

Wardlow first argues that his conviction for production of child pornography must be reversed due to insufficient evidence. At trial, Wardlow requested a judgment of acquittal on this ground, but the district court denied the request. Wardlow's sufficiency challenge is therefore preserved, and we review the challenge de novo. *See United States v. Holmes*, 814 F.3d 1246, 1250 (11th Cir. 2016). However, in doing so, we must view all facts and inferences in the light most favorable to the government. *See id.* If, viewing the evidence in this light, a jury could have reasonably found that the evidence supports Wardlow's conviction, then we must affirm the conviction. *See id.* at 1252.

A conviction for the production of child pornography requires proof that a defendant, among other things, employed, used, persuaded, induced, enticed, or

2

coerced a minor "to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct." 18 U.S.C. § 2251(a); *accord United States v. Lebowitz*, 676 F.3d 1000, 1013 (11th Cir. 2012) (per curiam) ("Section 2251(a) require[s] the [g]overnment [to] prove beyond a reasonable doubt that one purpose of [the minor's] sexually explicit conduct was to produce a visual depiction.").

Wardlow asserts that the government failed to prove that he employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct *for the purpose* of producing a visual depiction of such conduct. While Wardlow admits that he took pornographic pictures of a minor during sexual encounters with her, he argues that he did not induce the minor to engage in any sexual conduct for the purpose of taking the pictures. According to Wardlow, he was in a romantic relationship with the minor and the pictures were merely incidental to that relationship.

Viewing the evidence in the light most favorable to the government, the record supports a finding that Wardlow induced the minor to engage in sexually explicit conduct for the purpose of producing the pornographic pictures. In the pictures, the minor was lying down, engaging in sexually suggestive poses. The minor testified at trial that Wardlow made her lie down while he took the pictures. And in taking the pictures, Wardlow focused on the minor's genital area. Based on

3

this evidence, a jury could have reasonably found that Wardlow induced the minor's sexually explicit posing for the purpose of producing pornographic pictures. *See Lebowitz*, 676 F.3d at 1013 (rejecting the defendant's argument that pornographic pictures were merely incidental to a sexual encounter where the defendant took purposeful steps to facilitate the pictures).

## II

Wardlow next argues that the district court committed reversible error by (1) refusing to provide a "theory of defense" jury instruction that he requested and (2) providing a "consent" jury instruction proposed by the government. We disagree.

## A

We review for abuse of discretion the district court's denial of Wardlow's request for the "theory of defense" jury instruction. *See United States v. Rutgerson*, 822 F.3d 1223, 1236 (11th Cir. 2016). "A refusal to incorporate a requested instruction will be reversed only if (1) the requested instruction was substantively correct, (2) the court's charge to the jury did not cover the gist of the instruction, and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense." *Id.* (internal quotation marks omitted).

The district court did not abuse its discretion in refusing to provide Wardlow's "theory of defense" jury instruction; "the court's charge to the jury . . .

4

cover[ed] the gist of the instruction." *See id.* (internal quotation marks omitted).

Wardlow's instruction stated:

> As to [the production-of-child pornography count in] the [i]ndictment, it is Taylor Jordan Wardlow's theory of defense that the photographs at issue in this case are the result of, and not the motive behind, his sexual activity with the minor and, therefore, he did not induce the minor to engage in sexually explicit conduct *for the purpose* of producing a photographic depiction of such conduct.
>
> If you find that the photographs were the result of, and not the motive behind, the sexual activity you must find Taylor Jordan Wardlow not guilty as to this [c]ount.

Thus, the instruction emphasized that Wardlow could be found guilty of production of child pornography only if he induced the minor to engage in sexually explicit conduct for the purpose of taking pictures. The district court's charge to the jury addressed that same point:

> The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt . . . the Defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, of the conduct . . . .

Indeed, this instruction closely tracked the production-of-child-pornography statute's "for the purpose of" language upon which Wardlow's "theory of defense" jury instruction relied. *See* 18 U.S.C. § 2251(a).

5

B

We review the "consent" jury instruction challenged by Wardlow "de novo to determine whether the instruction[] misstated the law or misled the jury to the prejudice of" Wardlow. *See United States v. Gibson*, 708 F.3d 1256, 1275 (11th Cir. 2013) (internal quotation marks omitted). But we "will reverse [the] district court . . . only if [we are] left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." *See United States v. Felts*, 579 F.3d 1341, 1342–43 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).

We are not left with "a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations" here. *See id.* (internal quotation marks omitted). The "consent" jury instruction did not misstate the law or mislead the jury. The instruction noted that, when a defendant is charged with "commercial sex acts" (i.e., sex trafficking) involving a minor, whether the minor consented to the acts is irrelevant:

> I further instruct you as a matter of law that minors lack the capacity to consent to unlawful sexual conduct. Therefore, whether the alleged minors involved in this case voluntarily agreed to engage in commercial sex acts has no bearing on the issue of whether the Defendant is guilty of the charges contained in the indictment.

This statement was consistent with the sex trafficking statute—18 U.S.C. § 1591(a)—under which Wardlow was charged. *See* 18 U.S.C. § 1591(a)

6

(criminalizing a "commercial sex act" involving a child, even if the defendant did not use force, fraud, or coercion).

## III

Finally, Wardlow argues that the district court violated his Sixth Amendment right to confront the witnesses against him by limiting his cross-examination of the minor victims. At trial, the district court precluded Wardlow from questioning the minor victims about (1) prostitution activities they engaged in before and after meeting Wardlow and (2) their independent efforts to market themselves on a sex-trafficking website. According to Wardlow, such questioning was relevant to whether he "harbor[ed], transport[ed], provide[d], . . . [or] maintain[ed]" the minors while they engaged in commercial sex acts. *See* 18 U.S.C. § 1591(a).

In assessing a defendant's claim based on the right to confrontation, we "examine whether th[e] right was actually violated, then turn to whether th[e] error was harmless beyond a reasonable doubt . . . ." *See United States v. Hurn*, 368 F.3d 1359, 1362–63 (11th Cir. 2004). Here, we need not determine whether Wardlow's right to confrontation was violated because any error the district court may have committed in limiting Wardlow's cross-examination of the minor victims was harmless. The government offered overwhelming evidence that

7

Wardlow violated § 1591(a) by engaging in sex trafficking.[1]  *See United States v.*

*Culver*, 598 F.3d 740, 750 (11th Cir. 2010) (finding an alleged error harmless

"because the evidence establishing [the defendant]'s guilt was overwhelming").

**AFFIRMED.**

---

[1] In his principal brief, Wardlow asserts that the district court's decision to limit his cross-examination of the minors harmed him by preventing him from offering evidence relevant to whether he engaged in sex trafficking.  Wardlow does not argue in the brief that the decision affected his convictions for producing and possessing child pornography.  Therefore, Wardlow has abandoned any such argument. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).