[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16011
Non-Argument Calendar

_____

D.C. Docket No. 4:15-cr-00191-LGW-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE ANWAN BROADNAX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 30, 2017)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

After a conditional guilty plea, Tyron Anwan Broadnax appeals his convictions on three counts of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  Although he did not

object to the magistrate judge's recommendation that the district court deny Broadnax's motion to suppress gun and drug evidence found in his vehicle, Broadnax argues on appeal that the district court erred by denying the motion to suppress. After thorough review, we affirm.

Once a magistrate judge issues a report and recommendation ("R&R") on a motion to suppress, a party has either 14 days or "some other time the court sets" to file any written objections to the proposed findings and recommendations. Fed. R. Crim. P. 59(b)(2). "Failure to object in accordance with this rule waives a party's right to review." Id.; see also 11th Cir. R. 3-1 (providing that a party who fails to object to a magistrate judge's R&R waives the right to challenge on appeal unobjected to portions of the R&R, if the party was informed of the time period for objecting and the consequences on appeal of failing to object). When a defendant fails to object to a portion of a magistrate judge's R&R, he waives his right to challenge the district court's ruling as to that portion. United States v. Perkins, 787 F.3d 1329, 1343 (11th Cir. 2015). Defendants have waived appellate review of the denial of a motion to suppress by failing to object to the R&R recommending denial of the motion. United States v. Holt, 777 F.3d 1234, 1257-58 (11th Cir. 2015). We may, however, exercise discretion and review for plain error "if necessary in the interests of justice." 11th Cir. R. 3-1.

The record in this case reveals that the magistrate judge informed the parties that any objections to the R&R had to be filed by March 17, 2016, and explained that the failure to do so would waive appellate review.  Nevertheless, Broadnax did not object to the R&R.  Thus, Broadnax has waived his right to challenge the district court's denial of his motion to suppress.   Fed. R. Crim. P. 59(b)(2); 11th Cir. R. 3-1; Perkins, 787 F.3d at 1343; Holt, 777 F.3d at 1257-58.  And although this Court may exercise its discretion and review for plain error "if necessary in the interests of justice," 11th Cir. R. 3-1, Broadnax does not argue that justice requires appellate review.  We therefore decline to review the district court's order and affirm.[1]

**AFFIRMED**.

---

[1]    We note, however, that even if we were to exercise our discretion and review for plain error, the district court did not err, much less plainly err, in denying the motion to suppress.  To prevail under the plain-error standard, a defendant must show (1) that there was an error, (2) that it was plain, and (3) that it affected his substantial rights.  United States v. Felts, 579 F.3d 1341, 1344 (11th Cir. 2009).   Even if all three requirements are met, we may exercise our discretion to correct the error only if it seriously affected the fairness, integrity, or public reputation of the judicial proceedings.  United States v. Gonzalez, 834 F.3d 1206, 1218 (2016).  The record in this case shows that the officers had probable cause to stop Broadnax's car for a traffic violation. See United States v. Harris, 526 F.3d 1334, 1338 (11th Cir. 2008) (noting that failure to signal during a lane change violates Georgia law, and grants an officer probable cause to conduct a traffic stop).  Moreover, because a stop may be prolonged to investigate a license and registration, see Holt, 777 F.3d at 1256, the stop was not illegally extended to conduct the dog sniff under the totality of circumstances in the record here.