[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13260

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLIAM GATCHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cr-00154-GAP-GJK-1

_____

Before WILSON, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

William Gatchell appeals following his convictions for three counts of selling a firearm to a convicted felon; two counts of possession of methamphetamine with intent to distribute; and one count of possession with intent to distribute five grams or more of methamphetamine. *See* 18 U.S.C. §§ 922(d)(1) and 924(a)(2); 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C). On appeal, Gatchell argues that the district court's jury instruction on entrapment was inadequate under Supreme Court precedent and that the court should have included his proposed supplemental instruction. After careful review, we disagree and affirm Gatchell's convictions.

## I.    Background

In 2020, a grand jury charged Gatchell with three counts of selling a firearm to a felon, in violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2) (Counts 1, 3, 5); two counts of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts 2, 6); possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count 4); and carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 7). Although he later pleaded guilty to Counts 1, 3, and 5 without a plea agreement, he proceeded to trial on the remaining charges (Counts 2, 4, 6, 7).

The evidence at trial showed that Gatchell sold guns and drugs to a confidential informant ("CI") on multiple occasions. As a defense, Gatchell argued that he was entrapped into doing the illegal transactions. He requested the following proposed jury instruction on entrapment:

> Where the issue of entrapment is raised, neither the Government agents nor their duly directed persons may originate the criminal design nor implant in an innocent person's mind the disposition to commit the criminal act. The prosecution must prove beyond a reasonable doubt that the Defendant had a predisposition to commit the criminal act before the Government or its agents were involved.

Gatchell submitted that the instruction was necessary to explain that the government had the burden of proving that he was predisposed to committing a crime independent of the government's inducement.

The government objected to Gatchell's proposed instruction, asserting that it was an inaccurate statement of the law. The district court declined to give Gatchell's proposed instruction, explaining, "[t]he Eleventh Circuit has upheld th[e] pattern instruction many times and I'm not going to swim upstream."

Consequently, during the jury charge, the district court gave the pattern instruction on entrapment:

> Entrapment occurs when law enforcement officers or others under their direction persuade a defendant to commit a crime the defendant had no previous intent to commit. . . . The law forbids convicting an entrapped defendant. But there's no entrapment when a defendant is willing to break the law and the Government merely provides what appears to be a favorable opportunity for the defendant to commit a crime. . . . So a defendant is not a victim of entrapment if you find beyond a reasonable doubt that the Government only offered the defendant an opportunity to commit a crime the defendant was already willing to commit, but if there is a reasonable doubt about whether the defendant was willing to commit the crime without the persuasion of a Government officer or a person operating—or a person under the Government's direction, then you must find the defendant not guilty.

Moreover, earlier in the jury charge, the district court explained that Gatchell was presumed innocent and that "[t]he Government must prove beyond a reasonable doubt that Mr. Gatchell is guilty." And right before closing arguments, the district court again noted that the government had "the burden of proof."

After deliberations, the jury found Gatchell guilty of the methamphetamine-based charges (Counts 2, 4, and 6) but not guilty of the remaining firearm-based charge (Count 7). Following the verdict, Gatchell moved for a judgment of acquittal and a new trial, arguing that his proposed entrapment instruction accurately

stated the law, and that the instruction would have explained the government's burden to the jury.[1]  The government responded that the district court's pattern jury instruction properly stated the burden of proof and law on predisposition.  The district court denied Gatchell's motion after finding that its entrapment instruction was proper.

The district court ultimately sentenced Gatchell to concurrent terms of 60 months' imprisonment as to Counts 1 through 6, followed by four years of supervised release.  Gatchell timely appealed to this Court.

## II.    Standard of Review

We review Gatchell's challenge to the pattern jury instruction *de novo*. *United States v. Felts*, 579 F.3d 1341, 1342 (11th Cir. 2009).  We ask "whether the jury charges, considered as a whole, sufficiently instructed the jury so that the jurors understood the issues and were not misled." *United States v. Fulford*, 267 F.3d 1241, 1245 (11th Cir. 2001).  We will reverse only if we are "left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." *Id.* at 1342–43 (quotation omitted).

---

[1] Before the jury returned with its verdict, but after closing arguments, Gatchell again proffered his proposed instruction for the record, and the district court noted that it had not given Gatchell's proposed entrapment instruction but that his objection was preserved.

6                    Opinion of the Court                    21-13260

In contrast, we review the district court's refusal to give Gatchell's requested supplemental instruction for an abuse of discretion. *United States v. Lebowitz*, 676 F.3d 1000, 1014 (11th Cir. 2012).

### III.    Discussion

On appeal, Gatchell argues that the district court erred in using the pattern entrapment jury instruction and that the court abused its discretion by not including his proposed additional language. We disagree, and address Gatchell's two challenges in turn.

### (a) *District Court's Entrapment Jury Instruction*

As mentioned previously, the district court gave the pattern jury instruction. Gatchell claims this instruction is inadequate under the Supreme Court's decision in *Jacobson v. United States*, 503 U.S. 540 (1992). According to Gatchell, the pattern jury instruction did not inform the jury that Gatchell's predisposition to commit the crime had to exist before contact with law enforcement and that his predisposition had to be proven by the government beyond a reasonable doubt.

In *Jacobson*, the Supreme Court held that, when entrapment is at issue, the government "must prove beyond reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents." *Jacobson*, 503 U.S. at 548–49.

21-13260                Opinion of the Court                7

The pattern jury instruction, given by the district court here, provides that entrapment "occurs when law-enforcement officers or others under their direction persuade a defendant to commit a crime that the Defendant had no previous intent to commit" and that "if there is a reasonable doubt about whether the Defendant was willing to commit the crime without the persuasion of a Government officer or a person under the Government's direction, then you must find the Defendant not guilty." Eleventh Circuit, Special Pattern Jury Instructions (Criminal) 13.1. Under this instruction, the defendant cannot be convicted unless it is beyond a reasonable doubt that he was predisposed to commit the crime without the persuasion of the government agent. Moreover, at multiple points in the jury charge, the district court stated that the government bore the burden of proof. So the district court's instructions, considered "as a whole," see *Fulford*, 267 F.3d at 1245, adequately covered predisposition and the government's burden of proving it.

This result is confirmed by our decision in *United States v. Brown*, 43 F.3d 618 (11th Cir. 1995), where we held that an older version of the pattern entrapment instruction (with substantially similar language) sufficiently instructed the jury on the predisposition requirement described in *Jacobson*. *Id.* at 627–28. The pattern instruction at the time stated that if the evidence left the jury with "reasonable doubt whether a defendant had any intent to commit the crimes except for inducement or persuasion on the part of the Government officer or agent" the jury had to find

the defendant not guilty. *Id.* at 628. This instruction, we held, adequately communicated the predisposition element. *Id.* Accordingly, the district court did not err in giving the pattern entrapment instruction as it was an accurate statement of the law.

(b) *Gatchell's Requested Addition to the Instruction*

Gatchell also argues that the district court abused its discretion by not giving his proposed supplemental entrapment instruction. Without it, Gatchell claims, the jury would not have known the government needed to prove beyond a reasonable doubt that Gatchell was "actually predisposed to violate federal drug laws before he met the government's confidential informant."

A district court's refusal to give a requested jury instruction will be reversed only if, "(1) the requested instruction was substantively correct, (2) the court's charge to the jury did not cover the gist of the instruction, and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense." *Lebowitz*, 676 F.3d at 1014 (quotation omitted).

Here, the district court did not abuse its discretion in denying Gatchell's proposed jury instruction. As set forth above, the district court instructed the jury that "a defendant is not a victim of entrapment if you find beyond a reasonable doubt that the Government only offered the defendant an opportunity to commit a crime the defendant was already willing to commit." It also instructed that "if there is a reasonable doubt about whether

the defendant was willing to commit the crime without the persuasion of a Government officer or a person operating" then the defendant is not guilty.  And the district court made clear that the government bore the burden of proving Gatchell's guilt.  The district court's instructions, therefore, covered the "gist" of Gatchell's proposed addition—*i.e.*, that the government had to prove beyond a reasonable doubt that Gatchell was predisposed to committing the crime.  Accordingly, the district court did not abuse its discretion in declining to give Gatchell's requested addition.  *See Lebowitz*, 676 F.3d at 1014.

For these reasons, we affirm Gatchell's convictions.

**AFFIRMED.**