[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13666
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20633-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO GONZALEZ ESCOBAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 24, 2018)

Before TJOFLAT, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Roberto Gonzalez Escobar appeals his convictions for knowingly presenting an application for naturalization containing a false statement of material fact, 18 U.S.C. § 1546(a), and for procuring naturalization for himself in a manner contrary to law, 18 U.S.C. § 1425(a).  No reversible error has been shown; we affirm.

Gonzalez Escobar came to the United States from Cuba in 1999.  In 2012, Gonzalez Escobar filed an application for naturalization.  That application was denied because Gonzalez Escobar -- in support of his request for a waiver from certain English language and U.S. history testing requirements -- had submitted insufficient documentation of his dementia.  Gonzalez Escobar reapplied for naturalization in 2014, submitting additional documentation supporting his medical waiver request.  The 2014 application was approved, and Gonzalez Escobar became a naturalized citizen in November 2014.

In his 2012 application, Gonzalez Escobar answered "no" when asked "Have you ever committed a crime or offense for which you were not arrested?"  In his 2014 application, Gonzalez Escobar answered "no" to these questions (1) "Have you ever committed, assisted in committing, or attempted to commit, a crime or offense for which you were not arrested?" and (2) "Were you ever involved in any

2

way with : . . . [f]orcing or trying to force, someone to have any kind of sexual contact or relations?"

In 2015, Gonzalez Escobar pleaded guilty to six counts of lewd and lascivious conduct against a minor; the pertinent conduct occurred between 2003 and 2006.

The criminal charges underlying this appeal stem from Gonzalez Escobar's failure to disclose information about his criminal conduct between 2003 and 2006 in his naturalization applications.  The jury found Gonzalez Escobar guilty on both counts of the indictment.  Gonzalez Escobar was sentenced to nine months' imprisonment for each count (to run concurrently) and to one year supervised release.  In addition, his citizenship was revoked.

## I.

On appeal, Gonzalez Escobar first contends the district court abused its discretion in admitting evidence of his 2015 convictions for lewd and lascivious molestation of minors.[*]  Gonzalez Escobar contends this evidence was unduly prejudicial and should have been excluded under Fed. R. Evid. 403.

---

[*] Contrary to Gonzalez Escobar's assertions on appeal, the government introduced evidence pertaining only to Gonzalez Escobar's convictions based on criminal conduct that occurred

We review for abuse-of-discretion a district court's evidentiary rulings. United States v. Lebowitz, 676 F.3d 1000, 1009 (11th Cir. 2012).  A district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."  Fed. R. Evid. 403.  We have said, however, that Rule 403 is "an extraordinary remedy which the district court should invoke sparingly."  United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003).

In considering admissibility under Rule 403, we view "the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact."  Id.  Because "the district court is uniquely situated to make nuanced judgments on questions that require the careful balancing of fact-specific concepts like probativeness and prejudice, . . . we are loathe to disturb the sound exercise of its discretion in these areas."  United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003).  Thus, we will find abuse of discretion only if the district court's decision to admit evidence over a Rule 403 challenge is "unsupportable."  Id.

The district court abused no discretion in allowing the government to introduce evidence of Gonzalez Escobar's 2015 convictions.  The evidence showed not only that Gonzalez Escobar had committed a crime or offense for which he had

---

between 2003 and 2006.  No evidence was admitted at trial about Gonzalez Escobar's separate conviction for sexual abuse of a minor based on conduct that occurred in 2015 (after Gonzalez Escobar had filed his applications for naturalization).

4

not been arrested before completing his applications -- a fact to which Gonzalez Escobar stipulated -- but also tended to show that Gonzalez Escobar had knowledge of the unlawful nature of his conduct. This evidence was probative of Gonzalez Escobar's intent and motive to provide knowingly false responses on his naturalization applications. The significant and memorable nature of Gonzalez Escobar's offenses was also probative to rebutting arguments that Gonzalez Escobar's dementia and lapsed memory had impeded his ability to answer truthfully the questions on his naturalization applications.

We reject Gonzalez Escobar's argument that he should have been allowed merely to stipulate to the 2015 convictions based on the Supreme Court's decision in Old Chief v. United States, 117 S. Ct. 644 (1997). Typically, "the prosecution is entitled to prove its case by evidence of its own choice," and "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." Id. at 653. In Old Chief, the Supreme Court recognized an exception to the general rule when a defendant offers to stipulate to the fact of his prior conviction and when the name and nature of the prior offense might improperly bias the jury. Id. at 647, 655. The Supreme Court, however, limited expressly its holding "to cases involving proof of felon status." Id. at 651 n.7. Because this case is not one involving proof of felon status, the narrow exception recognized in Old Chief is inapplicable. Cf. United States v.

5

Odeh, 815 F.3d 968, 982 (6th Cir. 2016) (the Old Chief exception is inapplicable to cases involving a violation of 18 U.S.C. § 1425(a)).

Moreover, although Gonzalez Escobar indicated he would stipulate to his 2015 convictions, he also objected that the 2015 criminal judgment could not be tied to him in the absence of fingerprint evidence. Because it appeared that Gonzalez Escobar was attempting to challenge the fact of his 2015 criminal convictions, the district court abused no discretion in allowing testimony from witnesses identifying Gonzalez Escobar as the defendant in the 2015 criminal proceedings.

On this record, we cannot say that the risk of unfair prejudice outweighed the probative value of the evidence or say that the district court's evidentiary ruling was "unsupportable." The district court abused no discretion in allowing the government to introduce evidence of Gonzalez Escobar's 2015 convictions.

II.

Gonzalez Escobar also argues that the district court erred in instructing the jury that -- for purposes of convicting under section 1425(a) -- the jury need not find that the false statement was "material" to Gonzalez Escobar's eligibility for

naturalization.  Gonzalez Escobar relies on the Supreme Court's decision in

Maslenjak v. United States, 137 S. Ct. 1918 (2017).

Gonzalez Escobar did not object to the jury instructions in the district court.

So, we review only for plain error.  See United States v. Felts, 579 F.3d 1341,

1343-44 (11th Cir. 2009).  Under this standard, Gonzalez Escobar must show that

there is (1) error, (2) that is plain, and (3) that affects his substantial rights.  Id. at

1344.

In the light of the Supreme Court's decision in Maslenjak -- which

concluded that materiality is an element of a section 1425(a) offense -- the parties

do not dispute that Gonzalez Escobar demonstrated "error" that was "plain" under

current law.  See 137 S. Ct. at 1923, 1925.  Although the law was not established

when Gonzalez Escobar was tried, "it is enough that an error be 'plain' at the time

of appellate consideration."  See Johnson v. United States, 520 U.S. 461, 468

(1997).

About the third element of plain error, a defendant's substantial rights are

affected when there is a reasonable probability that, but for the error, the outcome

of the district court proceedings would have been different.  United States v.

Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005).  The defendant bears the burden

of showing prejudice.  Id.  Where the effect of an error is uncertain or

indeterminate, the defendant has not satisfied his burden of showing that the error

actually affected his substantial rights.  Id. at 1299-1300 (citing Jones v. United States, 527 U.S. 373, 394-95 (1999)).

Gonzalez Escobar has failed to show a reasonable probability that, but for the erroneous jury instruction, the jury would have found him not guilty.  Gonzalez Escobar's false statements pertained directly to his good moral character: an issue material to his eligibility for naturalization.  See Maslenjak, 137 S. Ct. at 1928-29 (a lie that goes to an applicant's good moral character is material: "when the defendant misrepresents facts that the law deems incompatible with citizenship, her lie must have played a role in her naturalization.").  Evidence presented at trial demonstrated that Gonzalez Escobar would not have been deemed to be of good moral character had the immigration adjudicator known of Gonzalez Escobar's sex offenses committed between 2003 and 2006.  Evidence at trial also demonstrated that, by denying his criminal conduct, Gonzalez Escobar cut off "an important line of questioning" that would have led the reviewing officer to further investigate Gonzalez Escobar's conduct.  See id. at 1929 (materiality may also be shown under an "investigation-based theory" if (1) "the mispresented fact was sufficiently relevant to one or another naturalization criterion that it would have prompted reasonable officials . . . to undertake further investigation" and (2) that "investigation would predictably have disclosed some legal disqualification." (quotations omitted)).

Given the record evidence supporting a finding that Gonzalez Escobar's false statement was material to his eligibility for naturalization, Gonzalez Escobar has shown no reasonable probability that -- had the court instructed the jury properly -- he would not have been found guilty.  See Rodriguez, 398 F.3d at 1301.

AFFIRMED.