[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14802
Non-Argument Calendar
_____

D.C. Docket No. 3:19-cr-00034-RV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAYSTON DARNELL FAILS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 16, 2020)

Before WILSON, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Jayston Fails appeals his convictions for possession of a firearm and ammunition by a felon, possession of five grams or more of methamphetamine with intent to distribute, and possession of a firearm in furtherance of a drug-trafficking crime.  Fails argues that the district court abused its discretion by admitting evidence of his prior possession of a gun under Federal Rule of Evidence 404(b).  He also challenges the district court's limiting instruction about that evidence.  And he claims that his trial counsel rendered ineffective assistance.  We affirm.

I.

We review the district court's decision to admit evidence for abuse of discretion.  *United States v. McGregor*, 960 F.3d 1319, 1323 (11th Cir. 2020).  We give the district court considerable leeway on evidentiary issues, and we will not reverse a district court's evidentiary decision absent manifest error.  *Id.*  We need not reverse based on an erroneous evidentiary ruling if the error was harmless.  *United States v. Langford*, 647 F.3d 1309, 1323 (11th Cir. 2011).  And we may affirm for any reason supported by the record.  *United States v. Castillo*, 899 F.3d 1208, 1215 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 796 (2019).

Evidence of uncharged, criminal activities is generally considered inadmissible, extrinsic evidence under Rule 404.  *See* Fed. R. Evid. 404(b)(1) (prohibiting the admission of evidence of prior bad acts to prove a person's

2

character to show that on a particular occasion the person acted in accordance with that character).  But "this evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2); *see United States v. Hano*, 922 F.3d 1272, 1291 (11th Cir. 2019) (explaining that Rule 404(b) is an inclusive rule which allows extrinsic evidence unless its only purpose is to prove criminal propensity), *cert. denied*, 140 S. Ct. 488 (2019).

"To be admissible under Rule 404(b)(2), a prior act (1) must be relevant to an issue other than [the] defendant's character; (2) must be sufficiently proven to permit a jury determination that the defendant committed that act; (3) must have probative value that is not substantially outweighed by undue prejudice; and (4) must otherwise satisfy Federal Rule of Evidence 403."  *United States v. Nerey*, 877 F.3d 956, 974 (11th Cir. 2017).  Extrinsic evidence of other crimes or acts is inherently prejudicial because it "may entice the jury to draw the prohibited inference" that a defendant likely committed the same crime or act again.  *United States v. Sterling*, 738 F.3d 228, 238 (11th Cir. 2013). That said, a limiting instruction may mitigate unfair prejudice caused by the admission of a prior bad act.  *See United States v. Edouard*, 485 F.3d 1324, 1346 (11th Cir. 2007).

A district court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice.  Fed. R. Evid. 403.  But

3

"Rule 403 is an extraordinary remedy that must be used sparingly because it results in the exclusion of concededly probative evidence, and the balance should be struck in favor of admissibility." *United States v. Dixon*, 901 F.3d 1322, 1345 (11th Cir. 2018) (citations and internal quotation marks omitted), *cert. denied sub nom. Portela v. United States*, 139 S. Ct. 854 (2019), *and cert. denied sub nom. Chacon v. United States*, 139 S. Ct. 1392 (2019).

We review the legal correctness of a jury instruction de novo, but questions of phrasing are reviewed for an abuse of discretion. *United States v. Cooper*, 926 F.3d 718, 736 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 613 (2019). The district court has broad discretion to formulate its jury instructions as long as "the charge as a whole accurately reflects the law and the facts." *United States v. Williams*, 526 F.3d 1312, 1320 (11th Cir. 2008) (per curiam). Jury instructions are subject to harmless error review, meaning we will not reverse if we are satisfied beyond a reasonable doubt that an erroneous instruction did not affect the verdict. *United States v. House*, 684 F.3d 1173, 1196–97 (11th Cir. 2012). So if a jury instruction accurately states the applicable law, "there is no reason for reversal even though isolated clauses may, in fact, be confusing, technically imperfect, or otherwise subject to criticism." *United States v. Gonzalez*, 834 F.3d 1206, 1222 (11th Cir. 2016).

4

When a party does not properly object to a jury instruction before the district court, we review the instruction for plain error. *See* Fed. R. Crim. P. 30(d), 52(b); *United States v. Felts*, 579 F.3d 1341, 1343 (11th Cir. 2009) (per curiam). Under plain error review, we may provide relief only if the defendant shows that (1) an error occurred; (2) it was plain; (3) it affected substantial rights; and (4) "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Vereen*, 920 F.3d 1300, 1312 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 1273 (2020).

Here, the district court did not abuse its discretion by admitting photographic evidence of Fails's possession of a similar gun under Rule 404(b). First, the evidence was relevant under Rule 404(b)(2). The photographs showed Fails with a gun in his waistband that appeared to be similar in make and model to the gun from the present offense. This evidence was probative of whether the gun recovered from Fails's car was there by accident or coincidence, and thus it was relevant to prove a lack of mistake or accident. *See* Fed. R. Evid. 404(b)(2); *Nerey*, 877 F.3d at 974. What's more, the video from which the photographs were taken was not too remote to have probative value because there was less than a two-year span between its recording and the offenses of conviction. *See Sterling*, 738 F.3d at 238 (holding that a prior act "need not be very recent" to be probative);

5

*Edouard*, 485 F.3d at 1345–46 (holding that a two-year span did not render the extrinsic evidence too remote for proper consideration).

Second, the evidence could permit a jury determination that Fails committed the act portrayed in the photographs.  There is no question that the photographs came from a music video that Fails made, and that the video was found on a hard drive that belonged to him.  Although the testimony was not definitive about whether the gun in the video was real, Fails chose not to play the entire video for the jury to support his argument that the gun was a prop when the district court gave him the opportunity to do so.  And he made the strategic choice not to testify that the gun in the video was a prop.  *See Currier v. Virginia*, 138 S. Ct. 2144, 2152 (2018) (holding that a defendant's strategic choice about whether to testify is "not the same as no choice, and the Constitution does not forbid requiring a litigant to make [it]" (citation, ellipsis, and internal quotation marks omitted)).  Thus, sufficient evidence existed for a reasonable jury to conclude that Fails possessed a gun two years before the present offense.

Next, the photographs' probative value in showing the lack of mistake or accident was not substantially outweighed by undue prejudice, and the evidence otherwise satisfies Rule 403.  The district court mitigated any prejudice by providing a limiting instruction when the photographs were introduced and again at the close of the trial to explain how the jury could consider the evidence.  *See*

6

*Edouard*, 485 F.3d at 1346.  To the extent Fails argues that the district court gave an improper jury instruction, Fails did not properly object to the substance of the district court's limiting instruction either time it was given, and we thus review the jury instruction only for plain error.  *See Felts*, 579 F.3d at 1343.  Because the limiting instruction accurately stated the law and mitigated the photographs' prejudicial effect, the district court did not plainly err.  And the government's delay in informing Fails that it intended to introduce the photographs did not create unfair prejudice.  Although the government did not initially inform Fails that it planned to use the evidence from the video at trial, it ultimately did so before trial. *See* Fed. R. Evid. 404(b)(2) (stating that a prosecutor must, before trial, provide a defendant reasonable notice of the nature of the Rule 404 evidence that the prosecutor intends to introduce at trial).

Finally, even if the district court erred in admitting the Rule 404(b) or in giving the related jury instruction, those errors were harmless.  The police recovered a loaded gun, three cell phones, and multiple bags of marijuana, cocaine, and methamphetamine from the car.  In a post-*Miranda*[1] statement, Fails took responsibility for everything in the car.  Multiple phones belonging to Fails contained text messages with references to narcotic distribution, and Fails stipulated that he knew he was a felon at the time of the offenses of conviction.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

7

Therefore, given the substantial evidence of guilt, we are satisfied beyond a reasonable doubt that admission of the Rule 404(b) evidence and the related jury instruction did not affect the verdict.

## II.

Whether a criminal defendant's counsel was ineffective is a mixed question of law and fact that we review de novo. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). We generally will not consider claims of ineffective assistance of counsel raised on direct appeal "where the district court did not entertain the claim nor develop a factual record." *Id.* Even if the record includes some indication that an attorney's performance was deficient, a 28 U.S.C. § 2255 motion is the preferred means for deciding an ineffective-assistance-of-counsel claim. *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010); *see Massaro v. United States*, 538 U.S. 500, 509 (2003) (holding that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar a defendant from bringing the claim in a collateral proceeding under § 2255). We will consider an ineffective-assistance claim on direct appeal only where the record is sufficiently developed. *See Bender*, 290 F.3d at 1284.

We decline to review Fails's ineffective-assistance-of-counsel claims. Although some of his ineffective-assistance claims were raised in a motion for a new trial and addressed by the district court, Fails's motion was unsworn, counsel

8

filed no affidavits supporting the motion, and the district court held no hearing on the motion. And Fails raises additional ineffective-assistance claims for the first time on appeal. For those reasons, the parties agree that the district court record is insufficiently developed for proper consideration of Fails's ineffective-assistance claims. So we will not address them today. Fails may file a § 2255 motion to address all of his ineffective-assistance-of-counsel claims in a collateral proceeding.

      **AFFIRMED.**