[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10082

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ERNESTO RIVERA-RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:20-cr-00008-CDL-MSH-1

_____

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Ernesto Rivera-Rodriguez appeals his conviction of transmitting a threat in interstate commerce to injure another person. He argues for the first time on appeal the evidence was not sufficient to support his conviction because the government did not prove that his statements were threats or that he acted with the intent to communicate a threat. He argues for the first time on appeal that the district court plainly erred in failing to issue a specific unanimity instruction to the jury. Rivera-Rodriguez also argues the district court abused its discretion in allowing the prosecutor to refer to his statements as "threats" while questioning witnesses, but not allowing his wife to testify that she did not believe he was dangerous. Finally, Rivera-Rodriguez argues that his trial counsel was ineffective for not objecting to the lack of a specific unanimity instruction, not calling an expert witness on Post Traumatic Stress Disorder, not objecting to references to his gun ownership, and not challenging the sufficiency of the indictment.

## I.

When the defendant altogether fails to challenge the sufficiency of the government's evidence via a motion for judgment of acquittal, we review the sufficiency of the evidence for a manifest miscarriage of justice, which requires a finding that the evidence on a key element of the offense is so tenuous that a conviction

would be shocking. *United States v. Tagg*, 572 F.3d 1320, 1323 (11th Cir. 2009); *United States v. Fries*, 725 F.3d 1286, 1291 & n.5 (11th Cir. 2013) (noting that, where a defendant fails to preserve an argument as to the sufficiency of the evidence in the trial court, the predominant rule in this circuit is to review for manifest miscarriage of justice, not plain error).

"Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 875(c). Although the statute does not have a *mens rea* requirement, the Supreme Court has held that some level of mental state is required. *Elonis v. United States*, 575 U.S. 723, 740 (2015). "[T]he mental state requirement in [s]ection 875(c) is satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." *Id.*

Using the framework established in *Elonis*, there are three elements that need to be satisfied to secure a conviction under 18 U.S.C. § 875(c). The elements are: (1) a communication be transmitted in interstate commerce; (2) that communication contains a threat; and (3) the defendant makes the communication for the purpose of communicating a threat or with knowledge that the communication will be viewed as a threat. *See id.* at 732, 740. The term "threat" has not been defined as it relates to § 875(c). *See* 18 U.S.C. § 875(c); *Elonis*, 575 U.S. at 743 (Alito, J.

concurring).  But the Supreme Court has defined a "true threat" not protected by the First Amendment as "those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343, 359 (2003).

We conclude that Rivera-Rodriguez's conviction was not a manifest miscarriage of justice because the government offered more than tenuous evidence to prove each element of the crime. Specifically, the government offered more than tenuous evidence to prove that Rivera-Rodriguez's statements over the phone to Soleil Management were threats that were communicated with knowledge that they would be viewed as such.

## II.

Challenges to jury instructions raised for the first time on appeal are reviewed for plain error. *United States v. Felts*, 579 F.3d 1341, 1343 (11th Cir. 2009).  To preserve an objection to jury instructions for appellate review, a party must clearly state the specific basis for the objection before the jury retires.  *United States v. Starke*, 62 F.3d 1374, 1380-81 (11th Cir. 1995).  To show plain error, the defendant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights.  *United States v. Smith*, 459 F.3d 1276, 1283 (11th Cir. 2006).  An error is not plain unless it is contrary to explicit statutory provisions or controlling precedent from either the Supreme Court or our Court.  *United States v. Schultz*, 565 F.3d 1353, 1357

(11th Cir. 2009). "Jury instructions will not be reversed for plain error unless the charge, considered as a whole, is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice, or the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Starke*, 62 F.3d at 1381 (quotation marks omitted). Finally, juries are presumed to follow their instructions. *United States v. Roy*, 855 F.3d 1133, 1187 (11th Cir. 2017) (*en banc*).

Here, the district court did not plainly err in not giving a more specific unanimity instruction to the jury because the instruction that was given resulted in an instruction that the jurors unanimously agree which of the alleged threats satisfied the elements of the crime. Further, even if the district court erred in not giving a specific unanimity instruction, Rivera-Rodriguez did not identify any precedent from our Court or the Supreme Court that dictates a specific unanimity instruction is necessary where multiple acts are charged in a single-count indictment.

### III.

We review evidentiary rulings for an abuse of discretion. *United States v. U.S. Infrastructure, Inc.*, 576 F.3d 1195, 1208 (11th Cir. 2009). "An abuse of discretion occurs where the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1248 (11th

Cir. 2014) (quotation marks omitted).  We will "overturn eviden-
tiary rulings only when the moving party has proved a substantial
prejudicial effect."  *Id.* (quotation marks omitted).  Prosecutors'
statements are not evidence, and improper statements from
counsel can be rectified by a jury instruction that only evidence in
the case should be considered.  *United States v. Smith*, 918 F.2d
1551, 1562 (11th Cir. 1990).

When a defendant offers no argument on an issue on ap-
peal, we consider the issue abandoned.  *United States v. Cun-
ningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).  Similarly, terse
statements that make only passing references to issues, or raising
an issue in a perfunctory manner without argument or supporting
authority, cannot save an issue from abandonment.  *United States
v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014).

To the extent Rivera-Rodriguez argues that his wife's tes-
timony should have been admitted, the district court abused its
discretion by making inconsistent rulings, and the prosecutor's
statements rose to the level of prosecutorial misconduct, he has
abandoned those claims by failing to argue them in his brief on
appeal.  Nor did the district court abuse its discretion in allowing
the prosecutor to refer to Rivera-Rodriguez's statements as
threats because the prosecutor's statements are not evidence, and
the jury was instructed not to consider them in deliberations.

IV.

We "will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). "If the record is sufficiently developed, however, [we] will consider an ineffective assistance of counsel claim on direct appeal." *Id.* "The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies in counsel's performance." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (quotation marks omitted).

We review ineffective assistance of counsel claims de novo. *Jones v. Campbell*, 436 F.3d 1285, 1292 (11th Cir. 2006) (applied in 28 U.S.C. § 2254 context). The benchmark for judging a claim of ineffective assistance of counsel is whether counsel's performance "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The appellant must show that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Id.* at 687.

We decline to review any of Rivera-Rodriguez's claims of ineffective assistance of counsel because the district court did not hear the claims or develop the record below. We cannot properly determine whether there was deficient performance or prejudice without understanding why counsel chose not to make the pro-

8                     Opinion of the Court                  21-10082

posed objections and arguments or the likelihood those claims would have succeeded.

**AFFIRMED.**